JEFFERSON A. DAVIS *et al.*

*v.*

JOHN H. WILSON.

65   525
27a   59
65   525
136   408
65      525
89a   ⁶636
65     525
192   ⁸499

1. FALSE IMPRISONMENT—*plea justifying, under order of judges of election.* A plea in an action for false imprisonment justifying under an order of the judges of an election fining the plaintiff for disorderly and riotous conduct at the election, and directing the commitment of the plaintiff for its non-payment, is fatally defective on demurrer, if it does not aver that the judges made out and signed a written order or *mittimus,* and, also, if it does not show that the judges fixed the length of time the plaintiff should stand committed if the fine was not paid.

2. SAME—*evidence to show lawful purpose.* In an action for false imprisonment, where the defendants attempted to justify under an order of judges of election fining the plaintiff for disorderly and riotous conduct at an election, and ordering his commitment until the same was paid, the disorderly conduct charged grew out of the service of an injunction by the

plaintiff upon the judges of the election, and the conduct of the plaintiff on such occasion: *Held*, that it was not error to admit the writ of injunction in evidence as showing the authority under which the plaintiff acted, and that he was there for a lawful purpose.

3. EVIDENCE—*matters tending to show bad motive in aggravation of damages.* In an action for false imprisonment against the judges of an election and others acting under such order, where the alleged cause of the commitment grew out of the service of a writ of injunction by the plaintiff upon the judges of the election, the court below allowed the plaintiff to prove that the railroad company interested in the election then being held had agreed, or that the defendants had said the company had agreed to save and keep them harmless from the consequence of disobeying the injunction: *Held*, that the proof was properly admitted, as it was a part of the transaction, and tended to show the motives under which the defendants acted, and was therefore proper to be considered by the jury in fixing the amount of the damages.

4. FALSE IMPRISONMENT—*instruction as to duty of officer to serve void part of a writ of injunction.* Where a writ of injunction was granted to enjoin the judges of an election from holding an election, and the supervisor from issuing the bonds of his town under such election, which was regular on its face, but void so far as it attempted to prevent the holding of the election, so that the officer serving the same might have disregarded that part of it, and he was imprisoned for alleged disorderly conduct in serving the same, in an action by him for false imprisonment, the court, at the instance of the plaintiff, instructed the jury that he was bound to serve the writ on the members of the election board: *Held*, that the instruction was improper, as the officer might either have served it or taken the responsibility of saying it was void so far as it attempted to enjoin the holding of the election.

5. COMMITMENT—*by judges of election, requisites of.* Although the statute does not, in terms, require an order of commitment by the judges of election for the non-payment of a fine for disorderly conduct in their presence, still it must be in writing and signed by the judges, and state the length of time the party is to stand committed, not exceeding twenty days, as otherwise the jailor can not know how long to detain the prisoner, and has no means of justifying his detention, and, on *habeas corpus*, could not show by what authority he acted.

6. JUSTIFICATION—*under legal process.* As a general rule, an officer may act under a writ regular on its face, whether a court had jurisdiction or not, even though the writ may be void, or he may refuse to execute such a writ.

7. INJUNCTION—*right to execute writ enjoining the holding of an election.* Where an injunction was issued to restrain the supervisor of a town from issuing bonds, and also to restrain judges from holding an election, being

fair on its face: *Held*, that the officer acting under it was fully justified in serving it in a proper manner, by delivering a copy thereof to the judges, but was not justified in attempting to enforce obedience to the writ, nor in serving it in a disorderly or riotous manner.

8. JUDGE OF CIRCUIT COURT—*no right to call an attorney to preside without consent.* As judicial functions can not be delegated to or exercised by an agent or deputy, but must be performed by the persons designated by the law, it is error in the circuit court to call an attorney to occupy the bench before a case is fully determined, without the consent of the parties.

9. INSTRUCTION—*no error not to repeat.* Where a refused instruction is substantially given in others of the series, there is no error in the refusal.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. BRIGGS & MEEK, and Messrs. PILLSBURY & LAWRENCE, for the appellants.

Messrs. BURNS, BARNES & ONG, and Messrs. BANGS & SHAW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass *vi et armis*, and for false imprisonment, brought by appellee, in the Woodford circuit court, against appellants.

The defendants pleaded the general issue, and several special pleas justifying the acts complained of as trespass.

The second plea, or first special plea, avers that defendants, Davis, Kirkbride and Piper, were judges of an election then being held under legal authority in the town of Olio, and as such were required by law to preserve order and prevent disturbances at the election; that plaintiff, at such election, conducted himself in a disorderly and riotous manner, and would not desist when required by the judges, although warned of the consequences of such conduct; that thereupon the judges fined him $20, which he refused to pay, and the judges then ordered Hartman, Sumner and Bullington, constables of the county, to take plaintiff to the jail of the county; that

plaintiff resisted the constables in executing the order, and they then called upon defendants, Reeder, Collins and Bullington, to assist them, as such officers, in executing the order of the judges, and that no more force was used than was necessary to remove him from the place of election and to hold and restrain him from disturbing the election until he could be removed to the county jail.

A demurrer was sustained to this plea; a *nolle prosequi* was entered as to Bullington; issues were formed under the pleas; a change of venue was granted to the circuit court of Livingston county before the issues were formed; a trial was had, and the jury found a verdict in favor of plaintiff, and assessed his damages at $5000. A motion for a new trial was entered, but overruled by the court, and judgment rendered on the verdict, and defendants have brought the case to this court on appeal.

It is urged that the court below erred in sustaining the demurrer to appellants' second plea. It is clearly defective in not averring that the judges made out and signed a written order or *mittimus*. Whilst the statute does not, in terms, require the order to be in writing, still, the uniform practice is, only to commit, by a justice of the peace or inferior tribunal, on a *mittimus*. Without it the jailor would not know whether he was authorized to receive and retain the person in custody, and would be at a loss to know for what length of time he should detain him as a prisoner; nor would he have the means of justifying his doing so if he exceeded the order of the judges, and would be liable to do so, as he would not receive the order directly from them, but simply verbal orders from the constable. Again, if required to answer to a writ of *habeas corpus*, and show by what authority he held such a prisoner, it would be difficult, if not impossible, to establish his authority without a *mittimus*.

The plea is defective in another respect. It fails to aver that the judges fixed the length of time appellee should stand committed if the fine was not paid. The law empowers the

judges to commit for any time not exceeding twenty days, or until the fine be paid. The plea does not aver that any time was fixed by the judges. They, and they alone, had the power to fix the term of his imprisonment, within the limits of the law. Under the order set out in the plea, neither constable nor jailor could know how long appellee should be held in custody. For these, if no other reasons, the plea was bad.

As a general rule, an officer may justify under a writ regular on its face, whether the court had jurisdiction or not, although the writ may be void. Or he may, if he choose, refuse to execute such a writ.

In *Tefft* v. *Ashbaugh*, 13 Ill. 602, it was held that a writ protects an officer, unless it appears on its face that the court had no jurisdiction of the person, or unless he had notice in some other way that it was issued without authority of law. See *Barnes* v. *Barber*, 1 Gilm. 401. In this case the circuit court had jurisdiction to restrain the supervisor from issuing bonds, although it had not to restrain the judges from holding an election. The writ was regular on its face, and the officer was fully justified in serving it in an orderly and proper mode. In doing so, he only had the right to serve a copy of the writ, and to read it to the persons enjoined. When he did that his duty was ended. He had no power, under his writ or otherwise, to endeavor to enforce obedience to the injunction. He was not so empowered by the writ or the law, nor had he the right to execute the writ in a disorderly or riotous manner, but he did have the right to go to the election and serve it on the judges, and for merely serving the writ, they nor the bystanders under their orders or those of the constables had any right to arrest and imprison him.

It was not error to admit the writ of injunction in evidence as showing the authority under which appellee acted, and that he was there for a lawful purpose.

There was no error in permitting appellee to prove that the railroad company had agreed, or that appellants had said the railroad company had agreed, to save and keep them harmless

34— 65TH ILL.

from the consequences of disobeying the injunction. It was a part of the transaction, and tended to show the motives under which appellants were acting. It tended to shed light upon the entire transaction, and for that reason it was proper to be considered by the jury in fixing the amount of damages. A person, honestly believing that he is in the discharge of his duty, should not be as severely punished for an illegal act as one who knowingly acts with recklessness and a wanton disregard of the rights of others, and hence the necessity of knowing the motive that prompts his acts.

It is objected that there was error in the circuit judge calling an attorney to occupy the bench before the case was determined, without the consent of the parties appearing of record. In this there was manifest error. Judicial functions can not be delegated to or exercised by an agent or deputy. They must be performed by the persons who have been designated by the law for the purpose. The attorney occupying the bench was not connected with or a part of the judicial department of the State named in the third article of our constitution, and persons not of that department are prohibited from the exercise of such powers. The putting of the verdict in form and discharging the jury for the term were both judicial acts, and the first related to and affected the rights of appellants. Even if a person not a judge may, by consent of the parties, act as such, still it is clear that the presiding judge, of his own motion, can not substitute another to act for him, and if it can be done, it must be by consent of the parties appearing on the record, and such consent does not appear, and will not be implied. It has been supposed by some that it would be error if the record showed that any one but the judge acted, even with consent, but we refrain from deciding that question until it shall be presented.

It is urged that the court below erred in giving appellee's ninth instruction. We have seen that it was the duty of the officer to serve the writ enjoining the persons named from issuing bonds of the town, and the writ being regular on its

face, the officer might serve it on the board of election, or take the responsibility of saying it was void so far as it attempted to enjoin holding the election, being liable for contempt and for damages, if he was mistaken. This instruction was therefore inaccurate in saying he was bound to serve it on the members of the election board.

It is objected that the court erred in refusing the ninth of appellants' instructions. We, on turning to the record, find that it was substantially given by others in the series, and hence it was not error in the court to refuse to repeat it. Their tenth was wrong, and was properly refused.

We have seen that it was lawful for appellee to be at the election to serve the writ of injunction, and the instruction says it did not matter whether or not appellee was there 'for the purpose of serving the writ.

The eighth instruction given for appellants is the same in substance as their eleventh, and hence there was no error in refusing the latter.

The twelfth asked by appellants was properly refused, because the writ, on its face, shows that it enjoined other acts than the mere holding of an election, and there was nothing in the record upon which it could be justly based. All know instructions should be based on the evidence in the case, and where they are not, then it is proper for the court to refuse them.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*