STATE, BENJAMIN F. DAVIS, PROSECUTOR, v. THE TOWN-
SHIP OF DELAWARE.

1. Upon the hearing of a matter upon *certiorari*, to bring up proceedings in bastardy, had in the Quarter Sessions, no error can be assigned that a fact existed which is inconsistent with the record returned.

2. No extrinsic evidence can be received to show that the verdict of a jury, in such proceeding in the Sessions, was taken by the crier in the absence of the judges, when the record shows that such verdict was returned in court.

---

This was an appeal taken to the Court of Quarter Sessions of Camden county, from an order made by two justices in a bastardy proceeding. The cause was tried in the Sessions,

before a jury. At the conclusion of the trial, the judges left the room. Upon the return of the jury to render their verdict, there was no judge or clerk present. Neither were the counsel for the respective parties present. The crier took the verdict of the jury. Upon this verdict, a judgment was duly entered, and an order of filiation made. ·

From this judgment and order, the prosecutor desired to be relieved, and for that purpose, has brought the proceedings into this court.

Argued at February Term, 1879, before Justices VAN SYCKEL and REED.

For the prosecutors, *T. H. Dudley.*

For the township, *A. C. Scovel.*

The opinion of the court was delivered by

REED, J.   The evidence taken in this cause establishes, beyond the possibility of contradiction, the fact already stated, that the verdict was taken by the crier, when no judge of the Court of Quarter Sessions was present, and in the absence of clerk and counsel. Indeed, the existence of this state of facts was not denied upon the argument. Nor, as a result therefrom, can it be denied that the verdict so taken was entirely invalid. It seems a profitless labor to discuss so obvious a proposition.

A verdict is the answer of a jury given to the court concerning the matters of fact committed to their trial and examination.   1 *Sell. Prac.*, § 471.

A court is an incorporeal political being, which requires for its existence the presence of the judges. *Bac. Abr., "Courts."* A judge holding court may adjourn the court to his lodgings, and take the verdict there, and it will be good. 3 *Black. Com.* 377, *note r.*

The jury might find a privy verdict, given before one of the judges after the court had arisen, but it was necessary that the verdict should be confirmed by the jury in open

court, before it could be recorded, and the jury could vary it at any time before the announcement in open court. 1, *Arch. Prac.* 198. If they vary it then, it is tantamount to no verdict, so that, in fact, the privy verdict is a nullity. 1 *Sell. Prac.* 472. This kind of verdict was only allowable in civil cases, and Sir William Blackstone disapproves of it, upon the ground that it affords an opportunity for the parties to tamper with the jury.

No verdict, therefore, is valid unless given openly in court. Sealed verdicts, handed to some officer of the court during adjournment, which are tolerated in some of the states, are of the same character as the privy verdict at common law. *Root* v. *Sherwood*, 6 *Johns.* 68 ; *Lincoln* v. *Lincoln*, 12 *Gray* 45.

The strict rule of the common law is modified by our practice act, which permits the Circuit Court to order the clerk to take a verdict, unless such order is dissented from by counsel. *Rev.*, *p.* 893, § 288.

Assuming that this court can notice the facts proven in this case, the verdict would be held a nullity, and the judgment and order based upon it would be reversed.

But we encounter another question before an order for reversal can be entered here. That question is whether we can take cognizance of the fact that the alleged verdict was not returned in court, when the record of the Quarter Sessions, brought up by the writ, shows that it was returned in court. The record contains the following: "The jury, after being charged by the court, retired, with Constable Job Norcross to attend them. After a short absence, they returned into court, and, being called, all appear and say that they have agreed upon their verdict, and, by their foreman, do further say," &c. The rule is, that a record imports such absolute verity that no person against whom it is producible shall be permitted to aver against it. And this rule is of equal force, whether the record is involved directly or collaterally. The leading case upon this branch of estoppels is that of *Rex* v. *Carlile*, 2 *B. & Ad.* 362.

The defendant had been convicted of a seditious libel, and

brought a writ of error to the Queen's Bench, assigning for error, in fact, that there was but one of the justices named in the commission present when the jury gave their verdict. On the record returned to the Queen's Bench, it appeared that a sufficient number of the king's justices were present, and the court held that it was not competent for the defendant to question the fact so stated.

The opinion of Lord Tenterden, in this case, contains all the learning at that time in existence. Among other cases by him cited is *Molins* v. *Welden*, 1 *Keble* 355. That was a writ of error on a judgment in the Palace Court, said to be holden before James, Duke of Ormond. The error assigned was, that the court was not holden before the duke, but before his deputy, and this was holden not assignable, being contrary to the record.

In the case of *Bowsse* v. *Cannington*, *Cro. Jac.* 244, the error assigned was that one W. B., of Bradfield, was returned upon the jury process, and that one W. B., of Metfield, who was another person, and not returned, was sworn. And this was held not assignable for error, because contrary to the record, and the party estopped, for otherwise every record might be brought into question upon such surmise.

Additional cases are to be found in the English notes to the *Duchess of Kingston's case*, 2 *Smith's Lead. Cas.* 648.

This is the rule which has always been enforced in this state, in the review of proceedings before courts for the trial of small causes, and in the Court of Common Pleas upon appeal. *Prall* v. *Waldron*, 1 *Penn.* 145 ; *Scott* v. *Beatty*, 3 *Zab.* 256 ; *Paterson, &c., R. R. Co.* v. *Ackerman*, 4 *Zab.* 537.

We must therefore hold the record of the Court of Quarter Sessions to be conclusive upon this point. This, of course, deprives the prosecutor of the only ground upon which the writ was taken, and shows that the writ was improvidently allowed, and it must be dismissed, with costs. It is not within the scope of the present discussion to examine the process for relief in case of a repugnancy between the fact as it actually exists and as it presumably exists by the record. That is dis-

cussed by Mr. Powell (*Appellant Proceedings, p.* 108,) and by Mr. Justice Johnson, in *Pickett's Heirs* v. *Legerwood,* 7 *Peters* 144.

Writ dismissed.