## NELSON v. WOOD.

(Circuit Court of Appeals, Third Circuit.   May 21, 1913.   Rehearing Denied
February 16, 1914.)

### No. 1,702.

1. APPEAL AND ERROR (§ 70*)—REVIEW—INTERLOCUTORY ORDER.

An interlocutory order, denying an application to set aside a verdict for defendant, and for amendment of the record or minutes, and for leave to move for a new trial nunc pro tunc prior to the entry of final judgment, is insufficient to sustain a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 367–378, 386, 411; Dec. Dig. § 70.*]

2. TRIAL (§ 321*)—VERDICT—RECEPTION.

The reception of a verdict orally by the clerk, in the absence of the judge, the parties, and their counsel, and without the consent of the parties to such procedure, is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 760–763; Dec. Dig. § 321.*]

3. NEW TRIAL (§ 119*)—GROUNDS—LACHES.

A verdict having been erroneously received by the clerk in the absence of the judge, the attorneys, and the parties, without any consent thereto, during an adjournment of the court, it appeared that counsel for plaintiff were in court shortly after the verdict was taken and before the recess had expired. They were informed that the jury had returned shortly after 1 o'clock, had rendered a verdict, and had dispersed, and they knew the judge was not then in the courtroom. It did not appear that they made any inquiry as to the circumstances attending the rendering of the verdict; each of the counsel alleging that he supposed the other was present and attended to the interest of their client. One of the counsel conversed afterward with several of the jurors, but testified that it was not until nearly a year thereafter that he was informed that the verdict was returned to the clerk in the absence of the judge. Held that, since the slightest inquiry would have disclosed all the facts at once, plaintiff was guilty of such laches in not sooner moving for a new trial on account of the irregularity as to constitute a waiver thereof.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 243; Dec. Dig. § 119.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Judge.

Action by Hilma Nelson against Richard G. Wood. An order was granted denying plaintiff's motion to amend the minutes and to permit plaintiff to move for a new trial, and she brings error. Dismissed.

Mark W. Collet and A. J. H. Frank, both of Philadelphia, Pa., for plaintiff in error.

Clement B. Wood and R. Stuart Smith, both of Philadelphia, Pa., for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and ORR, District Judge.

GRAY, Circuit Judge.   This purports, by the statement in plaintiff in error's brief, to be a writ of error by Hilma Nelson, plaintiff in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the court below, to the decision or final order of the District Court for the Eastern District of Pennsylvania, entered May 7, 1912, refusing plaintiff's petition sur rule to set aside the verdict in the above entitled case, and for amendment of record or minutes, and for leave to move for a new trial, nunc pro tunc. The record before us is incomplete and peculiar in several respects. No final judgment in the case appears in the record, but what the counsel for plaintiff in error calls the final order of the court below, refusing plaintiff's petition to move for a new trial, etc., as above stated by the plaintiff's counsel, is set forth therein. The record contains a note of the exception to the order of the court above referred to, and several assignments of error founded thereon. From the statement of claim and the affidavits filed by plaintiff, constituting the ground upon which the motion refused was asked for, we gather the following statement of facts:

On September 22, 1910, plaintiff brought her action in the court below to recover damages for injuries which she claims to have suffered by the negligence of the defendant. The case was called for trial, April 26, 1911, and on April 27th, the jury found a verdict for the defendant. The court below having granted an order extending the time for filing a motion for a new trial, such motion, with the reasons therefor, was filed on the 5th of May, 1911, and was duly argued on the 7th of June. At the next term, to wit, on the 8th day of November, 1911, the court refused the motion for a new trial.

The plaintiff filed her petition on March 30, 1912, to set aside the verdict, and for amendment of the record, on the ground that the verdict was rendered during an adjournment of court, and the court granted a rule on defendant

"to show cause why said verdict should not be set aside, the record or minutes amended, and for leave to move for a new trial, nunc pro tunc, etc., and that the minute book of the United States court, of 1911, be amended so as to show more specifically the facts, to wit, by supplementing said minutes with the following entry: 'The clerk of said court announced the recess adjournment from 1 to 2 o'clock p. m., on the 27th day of April, 1911, during which interval the verdict, in the absence of the plaintiff and her counsel, was received and entered without plaintiff's assent.'"

On April 22, 1912, plaintiff moved to amend petition to set aside verdict, on the ground that she had, since filing the original petition, then ascertained lately and for the first time that when the verdict had been rendered during an adjournment of court from 1 to 2 o'clock, the clerk alone received the verdict, in the absence of the judge; also, to amend the first prayer of the original petition, by adding to the words, "that the verdict in this case be annulled, quashed, and set aside," the words, "all proceedings to stay meanwhile."

On May 7, 1912, the court below made the following order:

"Judge Holland, before whom this case was tried, authorizes me to say that he specially directed the clerk to receive the verdict that is now complained of as having been irregularly taken. The pending petition is therefore refused."

On the 6th of November, 1912, it appears that a writ of error allowed by the court was duly issued, at the suit of the plaintiff, in the

·ordinary form, directed to the District Court for the Eastern District
·of Pennsylvania, beginning:

"Because in the record and proceedings, as also in the rendition of the
judgment of a plea which is in the said District Court, before you, or some
of you, between Hilma Nelson, plaintiff, and Richard G. Wood, defendant,
a manifest error hath happened, etc.· * * * We, being willing that error,
if any hath been, should be duly corrected and full and speedy justice done
to the parties aforesaid in this behalf, do command you, if judgment be
therein given, that then under your seal, distinctly and openly, you send the
record and proceedings aforesaid, with all things concerning the same, to the
United States Circuit Court of Appeals for the Third Circuit," etc.

[1] As already pointed out, no final judgment by the court below
is disclosed by the record, and counsel for plaintiff in error say in their
brief that no judgment has yet been entered in the cause. It was un-
·questionably within the power of the plaintiff in error to have moved
for judgment in the court below (if the defendant declined or neg-
lected to do so), as a foundation for appellate proceedings, by a writ
·of error to a final judgment.

Notwithstanding this anomalous condition of the record, we feel
it our duty to express an opinion on the facts disclosed by the affi-
·davits in support of the petition of the plaintiff in the court below.

[2] No answer was filed to that petition, and there seems to be no
·doubt as to what happened in regard to the taking of the verdict in
the case. The case was tried on the 26th and 27th of April, 1911.
At about 1 o'clock p. m. on the latter day, the cause was given to the
jury, who retired to deliberate. When the jury withdrew, the court
ordered an adjournment or recess until 2 o'clock p. m. of that after-
noon. Both attorneys for the plaintiff, the plaintiff herself and her
witnesses left the courtroom, as did also the judge and the counsel
for the defendant. None of them returned until after 1:30 p. m. In
the interval, the jury returned with their verdict and rendered the
same to the clerk, in the absence of the judge, of the plaintiff, of
both of her attorneys, and of the attorney for the defendant, and was
forthwith discharged by the clerk.

[3] There can be no doubt as to the irregularity of this proceeding.
It is not necessary to quote from the long list of authorities cited in
the brief of the plaintiff in error in support of this statement.
The verdict, as rendered in this case, was not a sealed verdict.·
It was taken orally by the clerk, in the absence of the judge and
of the parties and their counsel, and without any consent of the par-
ties to such procedure. But, if the question were properly before us
in· this record, we should be compelled to the conclusion that the plain-
tiff was not entitled, by reason of her laches, to have the prayer of
her petition granted. It appears from the affidavits of counsel for
plaintiff, that they were both in the courtroom shortly after the ver-
·dict was taken by the clerk and before the period of recess had ex-
pired. They were informed of the fact that the jury had returned
shortly after 1 o'clock, had rendered their verdict, and dispersed, and
they knew that the judge was not then in the courtroom. It does not
appear that they made any inquiry as to the circumstances attending
the rendering of the verdict, each of the counsel alleging that he sup-

posed the other was present at the time and attended to the interests of their client. One of the counsel conversed afterwards with several of the jurors, but alleges that it was not until nearly one year thereafter that the information was given him by a juror, of the fact that the verdict was rendered to the clerk in the absence of the judge. The slightest inquiry by the counsel who came into the courtroom a few minutes after the rendering of the verdict, would have disclosed all the facts in regard to the same. Information obtained a year thereafter might easily have been obtained within a few days, at least, of the rendering of the verdict.

The case had been tried upon its merits, and submitted to the jury in a charge by the learned judge of the court below, to which no exception was taken. A motion for a new trial was made and argued a few days after the verdict, and after consideration by the court, was refused. After this trial upon the merits, and the proceedings in relation thereto, we do not feel that the plaintiffs, after this long delay, could with propriety invoke the judicial discretion of this court to review the order of the court below complained of, even if it were properly before us.

The writ of error is therefore dismissed..