## MASTROMARINO v. DIRECTOR OF PATUXENT INSTITUTION

[No. 326, September Term, 1966.]

646

*Decided December 12, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*James C. Cawood, Jr.,* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Robert C. Murphy, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court. BARNES, J., concurs in the result. Concurring opinion at page 651, *infra.*

Mastromarino, the appellant, was determined to be a defective delinquent by a jury which had been required to swear to a belief in God as a prerequisite to service. While his application for leave to appeal was pending, we decided *Schowgurow v. State,* 240 Md. 121, in which at the suit of a Buddhist who did not believe in God, we held the provisions of the Maryland Constitution that require a demonstration of a belief in God as a qualification for service as a grand or petit juror to be invalid as in conflict with the fourteenth amendment of the federal Constitution (by reason of its making the first amendment binding on the States), with the result that a conviction of crime after indictment or trial by a jury so chosen could not stand, even though no prejudice in fact was shown. We also held that the principle and holding of the case were not to be applied retroactively except as to those convictions that had not become final at the time of the rendition of the *Schowgurow* opinion on October 11, 1965.

In making the determination of non-retroactivity, we relied on *Linkletter v. Walker,* 381 U. S. 618, 14 L. Ed. 2d 601, in which the Supreme Court held that the rule of *Mapp v. Ohio,* 367 U. S. 643 (which required exclusion of illegally seized evidence in state criminal prosecutions) was not to be applied retrospectively to cases finally decided prior to the *Mapp* case. In so doing, the Supreme Court summarily rejected the idea that retroaction must always prevail in the area of constitutional adjudication (including adjudications in criminal cases), holding that the federal Constitution neither prohibits nor requires such retrospectivity. Whether it is a statute or an established common law rule or a constitutional adjudication which is overturned, the merits and demerits of retrospectivity in each case must be weighed using the scales of history, the purpose and effect of the rule of the decision and whether retrospective operation will further or retard its operation. The Court felt that to make *Mapp* operate retrospectively would tax the administration of justice to the utmost and that, unlike other cases [1] in which retroactivity had been ordered, neither the fairness of the trial nor the integrity of the fact finding process was involved.

*Schowgurow* was followed first by *State v. Madison,* 240 Md. 265, which held that a believer in God who had been convicted of crime and whose case had not become final on October 11, 1965, could avail himself of the invalidity of a jury chosen under the system condemned in *Schowgurow* and next by *Schiller v. Lefkowitz,* 242 Md. 461, *cert. denied,* No. 540, November 14, 1966, in which we ruled that a jury chosen under the system condemned in *Schowgurow* was invalid in a civil case, that, as in a criminal case, the invalidity of the jury did not go to the fairness of the conduct of the trial, the integrity of the fact finding process or the personal qualifications or competency of the members of the jury but that, unlike our holding as to criminal cases, prejudice would not be presumed in civil cases but would have to be proved. We determined further that due process does not demand that a civil case be treated like a criminal case, and found no consideration of justice or public policy

---

1. Such as Griffin v. Illinois, 351 U. S. 12, 100 L. Ed. 891; Gideon v. Wainwright, 372 U. S. 335, 9 L. Ed. 2d 799; Doughty v. Maxwell, 376 U. S. 202, 11 L. Ed. 2d 650; and Jackson v. Denno, 378 U. S. 368, 12 L. Ed. 2d 908.

to require us to extend to civil cases the *Schowgurow* exception to complete non-retroactivity.

The case now before us can be decided on the holding of *Schiller v. Lefkowitz, supra,* since defective delinquency proceedings have been held to be civil in both their substantive and procedural aspects. We held in *Blizzard v. State,* 218 Md. 384, 386, 390, that:

> "It is clear \* \* \* that a proceeding under the Defective Delinquent Law (Article 31B of the 1957 Code) is in substantive matters a civil proceeding; \* \* \*. We also think it is now quite clear that it is the intention of the General Assembly that such proceedings be regarded as civil in nature as to procedural matters as well.
>
> \* \* \*
>
> "Commitment proceedings under Article 31B (quite properly, we think) throw extensive protections around the person involved therein; and in many respects they are such protections as are afforded to the accused in a criminal case. However, such proceedings do not charge the person involved with any crime. They are not prosecuted on indictment or information, but are based upon a report of a clinical examination. Conviction and sentence for crime are historical facts which are prerequisites to the examination leading up to the commitment proceedings, but there is no issue as to guilt or innocence of any crime or crimes of which the person involved has already been convicted."

See also *Eggleston v. State,* 209 Md. 504, 514 ("In character the Act is not unlike statutes providing for a civil inquiry into the sanity of a person. This character is not altered by the fact that it deals only with persons who have demonstrated criminal tendencies resulting in criminal convictions, nor by the fact that it utilizes some of the traditional methods of adjudication and review that have been developed in the criminal law \* \* \*"); *McElroy v. Director,* 211 Md. 385; *Director v. Daniels,* 243 Md. 16; *Sas v. Maryland,* 334 F. 2d 506.

A conclusion that the non-final exception of *Schowgurow*

should be applied to defective delinquent proceedings is neither compelled nor indicated by the undoubted analogies between such proceedings and criminal cases. *Johnson v. New Jersey,* 384 U. S. 719, 16 L. Ed. 2d 882, decided that neither *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, nor *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, which held certain confessions in criminal cases invalid, was to be given retroactive effect. The opinion pointed out that *Linkletter* had refused to give other than limited retroactive effect to *Mapp,* and *Tehan v. Shott,* 382 U. S. 406, 15 L. Ed. 2d 453, had treated in the same way the ruling of *Griffin v. California,* 380 U. S. 609, 14 L. Ed. 2d 106, that there can be no adverse comment in a state criminal trial upon the failure of the accused to testify. It then noted that each constitutional rule of criminal procedure has its own function, its own background and its own impact on the administration of justice, and that "the way in which these factors combine must inevitably vary with the dictate involved [so that] * * * we must determine retroactivity 'in each case' by looking to the peculiar traits of the specific 'rule in question,' " (16 L. Ed. 2d 889) and held that the principles of *Escobedo* should be applied only to trials commencing after June 22, 1964, the date of that decision, and the extended rules of *Miranda* should control only trials beginning after June 13, 1966, the date the *Miranda* decision was handed down. The Supreme Court recognized that both *Escobedo* and *Miranda* added an artificial standard to the test of voluntariness of confessions, saying (16 L. Ed. 2d at 890 and 891) :

> "Thus while Escobedo and Miranda guard against the possibility of unreliable statements in every instance of in-custody interrogation, they encompass situations in which the danger is not necessarily as great as when the accused is subjected to overt and obvious coercion"

and that retroactive application "would seriously disrupt the administration of our criminal laws." The Court saw no reason to apply the exception of non-finality it had used in *Linkletter* to the rules and standards of *Escobedo* and *Miranda.*

The appellant in the case before us has neither shown nor

claimed actual prejudice in having his status as a defective delinquent determined by a jury whose members had been required to swear to a belief in God. None is to be presumed and no considerations of public policy or of the proper administration of justice require or suggest as desirable that any retrospective effect shall be given to the ruling in *Schowgurow* as to the invalidity of a jury composed of those who had been required to swear to a belief in God as a prerequisite to jury service. That invalidity was technical and did not go to the individual or composite personal qualifications and competence of those who served. Actual prejudice, if any is present in a given case, can be shown as a basis for a new determination as to defective delinquency. The technical invalidity of the jury in the present case did not affect the fairness of the trial or go to the integrity of the fact-finding process. Under Code (1965 Cum. Supp.), Art. 31B, § 10, the appellant can have a redetermination of his status after two years from January 13, 1965, the date of the original determination, that is, within several months from the time of the rendition of this opinion. Appellant is not entitled to a new trial on his original commitment.

*Order affirmed.*

BARNES, J., filed the following concurring opinion :

I concur in the result in this case as I am of the opinion that defective delinquency proceedings are civil in both their substantive and procedural aspects and are not controlled by the decisions of the Court in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965) and *State v. Madison,* 240 Md. 265, 213 A. 2d 880 (1965).

I did not sit with the Court when *Schowgurow* was decided, and, of course, did not participate in the decision, but my consideration of that decision indicates to me that *Schowgurow* was incorrectly decided. I concur with the views expressed by Judge Horney in his dissenting opinion in *Schowgurow* and I am of the opinion that there are additional reasons why the decision was erroneously decided.

I did participate in the decision of *Madison* and I joined in Judge Horney's dissent in that case.

652

If the decisions in *Schowgurow* and *Madison* come before us again as controlling a future decision of the Court, it is my opinion that these decisions should be reconsidered and overruled. I did not wish my agreement with the result in the present case to be thought to foreclose, in any way, such a subsequent reconsideration.