## HERBERT HAMILTON SHIELDS *v.* DIRECTOR, PATUXENT INSTITUTION

[App. No. 145, September Term, 1970.]

*Decided March 9, 1971.*

348

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, THOMPSON, and POWERS, JJ.

*Alan J. Bloom* for applicant.

*Francis B. Burch, Attorney General,* and *Howard Cardin, State's Attorney for Baltimore City,* for respondent.

ORTH, J., delivered the opinion of the Court.

Herbert Hamilton Shields was determined by the Criminal Court of Baltimore to be a defective delinquent on 4 February 1963 and committed to Patuxent Institution. Code, Art. 31B, §§ 5-9. On 25 October 1965 the Criminal Court of Baltimore redetermined that he was a defective delinquent, Code, Art. 31B, § 10 and application for leave to appeal from the order recommitting him to Patuxent Institution was denied, *Shields v. Director,* 244 Md. 710. On 28 August 1968 he again petitioned for review and on 23 December 1969 he was found by the Criminal Court of Baltimore to be a defective delinquent and recommitted to Patuxent Institution. On 30 December 1969 he filed an application for leave to appeal.[1] He makes allegations of error going to the sufficiency of the evidence and in addition claims "that Judge Howard [who pre-

---

1. The delay in pursuing the application was due to the failure of applicant to execute and return an affidavit forma pauperis sent him by the Clerk of the Criminal Court of Baltimore despite several requests of him by the Clerk to do so. He was granted the right to proceed as an indigent on 22 September 1970 and counsel was appointed to represent him.

sided at the redetermination hearing which is involved in this proceeding] had agreed to find the Petitioner not to be a Defective Delinquent should his Order to release the Petitioner on the Work Release Program be overruled by the Special Court of Appeals."

As to the sufficiency of the evidence, the report of Patuxent Institution showing a finding of defective delinquency or testimony to that effect by the Superintendent would be enough to overcome a claim that the determination by the hearing court that applicant was a defective delinquent was clearly erroneous. *Walker v. Director*, 6 Md. App. 206; Maryland Rule 1086. The record indicates an interval note by the staff of the Institution was filed 13 June 1969 and applicant does not suggest that the opinion expressed therein was other than that he was a defective delinquent. In fact his allegation that the evidence was insufficient is made as a bald allegation with no specificity whatsoever. It provides no ground on which to grant his application for leave to appeal.

In *State v. Blakney*, 8 Md. App. 232 we held that neither Code, Art. 31B, § 13 (d) or § 13 (f) empowers a lower court to place a defective delinquent on a "work-out, live-in status." We said, "Section 13 (d) applies only if the institutional board of review determines that it may be for the benefit both of the inmate and of society to grant the inmate a leave of absence. In that event the board and *only* the board is authorized 'to arrange for such leave or parole.' Section 13 (f) is applicable only where the institutional board of review makes a finding that the inmate's condition is such as to warrant his unconditional release from custody as a defective delinquent." At 238. The hearing judge below, under any circumstances, could not properly find that applicant was not a defective delinquent on the ground of a ruling by this Court that the judge had no authority to release applicant on a work release program. The judge could make a determination of defective delinquency *vel non* only on the relevant and material evidence before him going to that issue. Having made a determination of applicant's

defective delinquency on such evidence, as shown by his order of 23 December 1969, that determination was not and may not be subject to a ruling by this Court on the judge's authority to release applicant on the work release program. Code, Art. 31B, § 9 (b) provides in relevant part:

"If the court or the jury, as the case may be, shall find and determine that the said defendant is a defective delinquent, the court shall so inform the defendant, and shall order him to be committed or returned to the institution for confinement as a defective delinquent, for an indeterminate period without either maximum or minimum limits."

This provision is mandatory. Even if applicant were correct in his incredible allegation that the trial judge agreed and indicated that "if his decision [to release applicant on the work release program] was overruled he would release [applicant] outright", it would be without the judge's authority and could not be, as applicant asserts, "a binding decision of that court."

*Application denied.*