ROBERT LEE BILLER *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 194, September Term, 1974.]

*Decided August 8, 1974.*

The cause was argued before ORTH, C. J., and MORTON and GILBERT, JJ.

*Jack E. Richards* for appellant.

*Harry A. E. Taylor, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William Brannan, State's Attorney for Baltimore County* and *Richard W. Carrell, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

The interesting question posed by this appeal is whether a judge must be present when a jury renders its verdict in a civil case. The appellant, Robert Lee Biller, strenuously argues that the judge's failure to be present in such a case,

unless the parties have consented to his absence, constitutes reversible error. We agree with appellant, reverse the judgment of the Circuit Court for Baltimore County and remand the matter for a new trial. We now give our reasons.

Appellant pleaded guilty in the Circuit Court for Baltimore County to a criminal information charging him with arson. He was sentenced to confinement under the jurisdiction of the Division of Correction for a term of five years and was referred on February 27, 1973 to the Patuxent Institution for evaluation and report. Within the time prescribed by Md. Ann. Code art. 31B, § 7 (a) Patuxent submitted its report to the sentencing judge. After compliance with the provisions of §§ 8 (a) and (b) of art. 31B, the matter proceeded to hearing before a jury on the issue of whether appellant was a defective delinquent. The jury found that appellant was a defective delinquent within the meaning of Md. Ann. Code art. 31B, § 5. Appellant then filed an Application for Leave to Appeal to this Court.[1] We granted the application and transferred the case to the regular appeal docket.

An examination of the transcript of the proceedings in the hearing court reveals that following the judge's instructions to the jury and the argument of counsel, the jury retired to consider its verdict at 1:15 P.M. on November 14, 1973. The record reads as follows:

> "(The jury returned at 2:15 p.m.)
>
> THE CLERK: Ladies and gentlemen of the jury, have you agreed upon a verdict?
>
> THE JURY: (In unison): We have.
>
> THE CLERK: Who shall say for you?
>
> THE JURY: (In unison): Our Forelady.
>
> THE CLERK: Madam Forelady, how do you find

---

1. Before seeking leave to appeal to this Court, Biller filed a "motion for a new trial". Such a motion, however, is improper. *See* State v. Reichman, 16 Md. App. 581, 298 A. 2d 487 (1973). *See also* Austin v. Director, 245 Md. 206, 225 A. 2d 466 (1967). The "Motion" was properly denied.

in the issue, do you find yes or no as to Robert Biller?

THE FORELADY: We find yes.

THE CLERK: Harken to your verdict as the court hath recorded it: Your Forelady has said that Robert Lee Biller is a Defective Delinquent, and so say you all.

THE JURY: (In unison): We do."

Appellant's counsel in his brief and on oral argument avers "the [judge] was not present when the Foreman [sic] read the verdict", and further, the judge did not comply with the provisions of art. 31B, § 9 (b).

The State correctly observes that the record does not reveal that the judge was not present at the time the jury returned its verdict, but the Assistant Attorney General, Harry A. E. Taylor, on oral argument, advised us that the State does not challenge the accuracy of the statement of appellant's counsel, that the judge was not, in fact, present at that crucial time. We think Mr. Taylor's candor to be in keeping with the remarks made by the late Judge Simon E. Sobeloff in an address to the Judicial Conference of the Fourth Circuit, June 29, 1954. See 373 U. S. 87, n. 2, 83 S. Ct. 1194, 10 L.Ed.2d 219 (1963). In that address, Judge Sobeloff, then the Solicitor General of the United States, said:

> "The Solicitor General is not a neutral, he is an advocate for a client whose business is not merely to prevail in the instant case. My client's chief business is not to achieve victory but to establish justice. We are constantly reminded of the now classic words penned by one of my illustrious predecessors, Frederick William Lehmann, that the Government wins its point when justice is done in its courts."

We accept the unchallenged representation of appellant's counsel that the judge was not present when the jury rendered its verdict.

In 53 Am. Jur. § 1021, it is stated:

"In civil cases it is the prevailing practice to permit the judge, on retiring from the bench, to direct the clerk, by the consent of the parties, to receive the verdict of the jury still deliberating on their verdict if they should agree during the recess; but without such consent the verdict is a nullity." (Footnote omitted).

*See also* 20 A.L.R.2d 282 which states:

"The rule generally appears to be that in the absence of the consent of the parties, the reception of a verdict in the absence of the trial judge by one other than such judge is a nullity. . . ." [2]

Insofar as we are able to determine, the Appellate Courts of Maryland have considered the question presented by this appeal on only one previous occasion. In that case, *Durkee v. Murphy, supra* note 2, Chief Judge Bond, speaking for the Court, said at 269:

"According to the weight of authority elsewhere, and the practice in at least some of the trial courts in this State, verdicts of juries in civil cases [3] are sometimes, by consent of the parties, received and recorded by the clerk in the absence of the judge. Notes: 16 *Ann. Cas.* 90; 10 *Brit. Rul. Cas.* 25. It is an irregularity for the court is not organized when the judge is absent, but parties consenting can urge no

---

**2.** According to 20 A.L.R.2d 282 the rule has been followed by the 3rd Cir. Court of Appeals (Pa.) in Nelson v. Wood, 210 F. 18 (1913), *error dismd.*, 239 U. S. 637, 36 S. Ct. 445, 60 L. Ed. 480 (1915); Davis v. Wilson, 65 Ill. 525 (1872); Durkee v. Murphy, 181 Md. 259, 29 A. 2d 253 (1942); State v. Township of Delaware, 41 N.J.L. 55 (1879); Tennessee Gas Transmission Co. v. Vineyard, 191 Tenn. 331, 232 S.W.2d 403, 20 A.L.R.2d 279 (1950). *See also* Rasmus v. Schaffer, 230 Ala. 245, 160 So. 244 (1935). *Compare* Smith v. Jones, 185 Ga. 236, 194 S. E. 556, 559-560 (1937).

**3.** "In criminal cases, the reception of the verdict is a judicial act, which, it is generally held, cannot be delegated. Indeed, the presence of the judge during the entire course of the trial is indispensable, and whether or not objection is made, a conviction will be reversed in case of his improper absence. It follows, therefore, . . . in criminal cases the clerk cannot be authorized to receive a verdict in the absence of the judge. . . ." (Footnotes omitted). 53 Am. Jur. § 1021. *See also* Md. Rule 758 b with respect to sealed verdicts in criminal cases.

grievance, and in their consent there is a safeguard against injurious resort to the practice. There are several functions which a judge may be called upon to perform when a jury returns to render its verdict, and regularly he should be holding court. Here the judge appears to have assumed that it would be agreeable to the parties to have the verdict so received, but the record does not show any consent to it; it shows ignorance on the part of the City's attorneys of the court's direction to the clerk. Had need for it arisen, it seems the judge could have been reached by telephone for a time while he was absent, and no actual detriment to the appellants by reason of his absence is manifested, but it seems to the court that *the practice is one which might have injurious consequences unless safeguarded, and that except by the occasional consent of the parties it is necessary that the trial court be kept organized, and that the judge be ready to receive the verdict.*" (Emphasis supplied).

A Defective Delinquency Proceeding is, under Maryland Law, a civil case. *Mastromarino v. Director,* 244 Md. 645, 224 A. 2d 674 (1966); *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397 (1966); *McCloskey v. Director,* 230 Md. 635, 187 A. 2d 833 (1963); *Savage v. State,* 19 Md. App. 1, 308 A. 2d 701 (1973); *Walker v. Director,* 6 Md. App. 206, 250 A. 2d 900 (1969); *Sas v. Maryland,* 295 F. Supp. 389 (D. Md. 1969). Consequently, the rule of *Durkee,* applicable to other types of civil cases, is equally apposite to a defective delinquency case. With *Durkee* as our beacon, we hold, therefore, that when a judge in a civil case is, in the absence of the consent of the parties, not present when the jury renders its verdict, reversible error is committed. When consent is given to the judge's nonattendance at the time the jury renders its verdict, the record should affirmatively demonstrate such consent. On the other hand, when the judge is absent, without the consent of both parties, the objecting party should be certain that the record indicates the judge's absence.

In the light of our holding, it is unnecessary for us to consider the other questions posed by appellant.

*Judgment reversed; case remanded for a new trial.*