# AUSTIN *v.* DIRECTOR OF PATUXENT INSTITUTION

[No. 441, September Term, 1966.]

*Decided January 16, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Thomas F. Comber, 3rd* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Robert C. Murphy, Attorney General,* and *Walter*

M. Baker, State's Attorney for Cecil County, on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The question presented by this appeal—whether or not the lower court had power and authority to grant a new trial at the request of the State after the jury had found and determined that the defendant was not a defective delinquent—is one of first impression.

At a trial on January 7, 1964, in the Circuit Court for Cecil County (Keating, J.) sitting without a jury, on charges of assault with intent to rape and simple assault, Charles A. Austin was found guilty of the lesser charge and was sentenced to ten years in the Maryland Penitentiary, dating from August 16, 1961.

Subsequently, the defendant was transferred to Patuxent Institution for an examination as to whether or not he was a defective delinquent within the meaning of § 5 of Article 31B of the Code of 1957 as amended. In its written report to the court of its findings, the institution stated that the defendant was a defective delinquent and recommended that he be committed to Patuxent for treatment.

At the defective delinquent hearing before Chief Judge J. DeWeese Carter, on September 23, 1964, the jury, after hearing the version of the defendant as well as that of the State with respect to the incident resulting in his conviction of simple assault rather than assault with intent to rape; the reasons why the persons (a medical physician, a psychiatrist and a psychologist) who examined the defendant on behalf of the institution were of the opinion that he was a defective delinquent; and the instructions of the court as to the law, found that the defendant was not a defective delinquent.

The State, contending that the verdict of the jury was against the evidence, the weight of the evidence, the instructions of the court and against the law, filed a motion for a new trial. The defendant replying filed a motion ne recipiatur. And the court, at the hearing on the motions, granted the motion for a new trial. Whereupon the defendant sought leave to appeal to this Court and the application therefor was granted.

While the courts which hear defective delinquency proceedings are courts of general jurisdiction, they become courts of special or limited jurisdiction whenever they proceed to determine (with or without the aid of a jury) the status of persons alleged to be defective delinquents. In such cases, the courts instead of exercising their inherent powers are limited to the power and authority conferred on them by the provisions of Article 31B. A court can be a court of general jurisdiction for some purposes and a court of limited jurisdiction for other purposes. When therefore a court of general jurisdiction proceeds under a special statute it becomes a court of limited jurisdiction for the purpose of such proceeding. See C.J.S., *Courts* § 2. Accordingly, where a court of general jurisdiction undertakes to carry out a special power, a decision made in the exercise of such power is treated as a ruling of a court of limited jurisdiction and the presumption, applicable to a court of general jurisdiction, that it acted within the scope of its jurisdiction does not apply. See 20 Am. Jur. 2d, *Courts* § 103.

This Court has often had occasion to consider cases on appeal from lower courts involving the distinction between their special or limited jurisdiction and their general authority. In *Scherr v. Braun,* 211 Md. 553, 128 A. 2d 388 (1957), where we were concerned with the right of appeal to the courts from liquor license boards, it was said at p. 563:

> "It is apparent that in giving the right of appeal to courts, the Legislature conferred a special statutory jurisdiction on the courts and made the exercise of that jurisdiction the only right of the court to review the local board, to the exclusion of any common law remedy. No principle is better established than that in exercising a statutory power, a court is without jurisdiction unless it complies with the statute."

The same principle was stated much earlier in *Taylor v. Bruscup,* 27 Md. 219 (1867), with respect to the jurisdiction of probate courts over matters of trust and confidence; in *Kinnear v. Lee,* 28 Md. 488 (1868), with regard to the exercise of special statutory authority on appeal to a superior court; in *Cox v. Bryan,* 81 Md. 287, 31 Atl. 447 (1895), in connection with the

jurisdiction of a circuit court to entertain an appeal from voter registration officers; in *Travers v. Dean,* 98 Md. 72, 56 Atl. 388 (1903), with reference to the decision by the circuit court of a question not within its jurisdiction; in *U. S. Express Co. v. Hurlock,* 120 Md. 107, 87 Atl. 834 (1913), with relation to a court acting without jurisdiction in an attachment proceeding when the requirements of the statute had not been complied with; and in *Close v. Southern Maryland Agricultural Asso.,* 134 Md. 629, 108 Atl. 209 (1919), in connection with the power of the circuit court in respect to the granting of licenses for the racing of horses. In the *Kinnear* case, it was said (at p. 488) that "[i]n exercising the power of confirming or vacating the sales of real estate, on executions upon magistrates' judgments conferred by the Act of 1831, ch. 290, *the courts do not proceed according to the forms of the common law or under their usual and general jurisdiction, but in the exercise of a special statutory authority, to be strictly followed.*" [Emphasis supplied.] In the *Close* case it was held (at p. 643) that a circuit court in the exercise of a special jurisdiction must follow the modes of procedure prescribed by the statute.

Recently we held in *Johnson v. Board of Zoning Appeals,* 196 Md. 400, 76 A. 2d 736 (1950), that there was no appeal to us from a decision of the circuit court (for Baltimore County) in the absence of statutory authority permitting it. And in *Swithes v. McShain,* 202 Md. 340, 96 A. 2d 617 (1953), after therein pointing out that the right to appeal in compensation cases under § 57 of Article 101 in the Code of 1951 extended only to an "employer, employee, beneficiary or person feeling aggrieved," we held that neither the dead employee nor his attorneys came within the category of persons given the right to appeal.

The precedents in other jurisdictions are analogous to those in this state. See, for example, *Wadhams & Co. v. State Tax Commission,* 273 P. 2d 440 (Ore. 1954) and *Osage Oil Refining Co. v. Interstate Pipe Co.,* 253 Pac. 66 (Okl. 1927), where the holdings were to the effect that the exercise of special statutory power by a court of general jurisdiction is limited by the terms of the statute conferring the power. And see *State ex rel. Landis v. Simmons,* 140 So. 187 (Fla. 1932) and *Wyatt*

*v. Rambo,* 29 Ala. 510 (1857) for the proposition that the rulings of courts of limited jurisdiction are not entitled to the presumption that such courts were acting within the scope of their jurisdiction in the exercise of their special powers. See also *McCain v. State Tax Commission,* 360 P. 2d 778 (Ore. 1961); *Jackson v. U. S. National Bank, Portland, Ore.,* 153 Fed. Supp. 104 (D. Ore. 1957); *Wallace v. Hill,* 205 S. W. 699 (Ark. 1918).

While it is true that defective delinquent proceedings have been classified as civil in nature—see *Blizzard v. State,* 218 Md. 384, 147 A. 2d 227 (1958), *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397 (1966) and *Mastromarino v. Director,* 244 Md. 645, 224 A. 2d 674 (1966)—and that in ordinary civil proceedings a court of general jurisdiction has inherent power to grant a new trial, it is also true that courts of special jurisdiction have no power to grant a new trial except as given to them by statute. See 39 Am. Jur., *New Trials* § 4; 66 C.J.S., *New Trials* § 2 c.

Article 31B, in that it sets forth the procedure to be followed in the conduct of a defective delinquency proceeding from its commencement to its conclusion, is comprehensive, but there is, significantly we think, no provision for the granting of a new trial. Nor is there a provision affording a defective delinquent a right of removal from one court to another. As to this right, we had occasion to rule for the reasons stated in *Bullock v. State,* 230 Md. 280, 186 A. 2d 888 (1962), that the constitutional right of removal of law actions did not apply to defective delinquency proceedings in the absence of legislative authority therefor. And there is, as we see it, a definite analogy between the right of removal and the right to a new trial. *Cf. People v. Bank of San Luis Obispo,* 92 Pac. 481 (Cal. 1907), wherein it was said that where a statute "expressly provides for an appeal and makes no provisions for a new trial, the latter remedy is not available."

In the case at bar, where the remedial processes set forth in the statute are in pertinent part substantive and not procedural, *cf. Blizzard v. State, supra,* it is explicitly stated in § 9(a) of Article 31B that—

"[i]f the court or jury, as the case may be, shall find and determine that the said defendant is not a defective delinquent, the court shall order him returned to the custody of the Department of Correction, and he shall begin or resume his period of confinement on said conviction as if he had not been examined for possible defective delinquency,"

we think it is clear that the lower court, instead of awarding the State a new trial, should have ordered a return of the defendant to the custody of the Department of Correction forthwith. Not only do the cases indicate that the court lacked authority to apply its usual inherent power to grant a new trial in a case such as this, but it is apparent that the court, in the exercise of the special jurisdiction conferred on it by the statute, was required to follow the only course of action prescribed by the statute when, as here, the defendant was found *not* to be a defective delinquent. See *Close v. Southern Maryland Agricultural Asso., supra* (at p. 643 of 134 Md.). If new trials are to be granted in defective delinquent proceedings, the Legislature, not the Courts, should provide for them.

Having held that the lower court was not authorized to grant the State a new trial there is no reason to consider whether the granting of the motion for a new trial was an abuse of discretion. Nor do we reach the other subsidiary questions as to whether the granting of a new trial was a violation of the rule against double jeopardy, a denial of due process of law, or a denial of the right of the defendant to have the jury judge the law as well as the facts.

*Order granting motion for a new trial reversed and case remanded for the passage of an order returning the defendant to the Department of Correction; Cecil County to pay the costs.*