## GEORGE LEWIS CRESWELL *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 23, Initial Term, 1967.]

*Decided February 3, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

ORTH, J., delivered the opinion of the Court.

On March 17, 1959, applicant was found to be a defective delinquent by the Circuit Court for Cecil County and com-

mitted to Patuxent Institution. On December 20, 1961, on hearing in that court upon petition filed by him for review it was redetermined that he was a defective delinquent. On April 13, 1965, he filed a second petition for review in the Circuit Court for Cecil County and on hearing on January 25, 1966, it was determined by a jury that he was a defective delinquent and by order the same date of Judge George B. Rasin, Jr., he was committed, for an indeterminate period, to the Patuxent Institution. On January 28, 1966, the applicant, by his attorney, filed a motion for judgment non obstante veredicto or in the alternative, a new trial. On March 7, 1966, on hearing, Judge George B. Rasin, Jr., overruled the motion. On April 6, 1966, applicant, by his attorney, filed application for leave to appeal from the order of January 25, 1966, in which the only allegation of error was the "Exhibition of Defendant before Jury in handcuffs without adequate justification".

Code (1957) Art. 31B, Sec. 11 and Maryland Rule 894 a 1, requires that application for leave to appeal be filed within thirty (30) days from the passage of the order appealed from. This application for leave to appeal was not filed within thirty days from January 25, 1966, the date of the passage of the order appealed from.

There remains consideration of the question whether the filing of a motion for judgment N.O.V. and motion for a new trial extends the time for filing.

In *Austin v. Director*, 245 Md. 206, 225 A. 2d 466 (1967) the Court of Appeals said, with reference to new trials in defective delinquent proceedings,

> "We think it clear that the lower court, instead of awarding the State a new trial, should have ordered a return of the defendant to the custody of the Department of Correction forthwith. Not only do the cases indicate that the court lacked authority to apply its usual inherent power to grant a new trial in a case such as this, but it is apparent that the court, in the exercise of the special jurisdiction conferred on it by the statute, was required to follow the only course of action prescribed by the statute, when, as here, the

defendant was found *not* to be a defective delinquent * * * If new trials are to be granted in defective delinquent proceedings, the Legislature, not the Courts, should provide for them."

We find no distinction in this regard whether the finding is that the defendant *is not* a defective delinquent or *is* a defective delinquent. It is clear that the lower court was required to follow the only course of action prescribed by the statute (Code, 1966 Supp., Art. 31B, Section 9b) which action it did follow and therefore lacked authority to entertain a motion for a new trial or a motion for a judgment N.O.V.

Since the lower court had no authority to entertain such motions, the time for filing the application for leave to appeal is not extended by the filing of them. As the application was not filed within the thirty day period as required, it must be denied.

In the application for leave to appeal, applicant states that the order was "* * * enrolled on 7 March 1966 * * *" We find no provision in the statute or the rules for the enrollment of an order upon determination of defective delinquency.

As the application for leave to appeal was not timely filed, there is no reason to consider the alleged error committed by the lower court.

*Application denied.*