IN RE: GLENN S.

[No. 167, September Term, 1981.]

*Decided June 1, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Gary W. Christopher, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Adriana V. Klich, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Stephen Rosenbaum, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and

*Patrick Bell, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

The issue in this appeal is whether the Circuit Court for Anne Arundel County, sitting in its capacity as the juvenile court, had the inherent power to strike an order entered in a criminal case in the circuit court. We hold today that when the circuit court exercises its powers as a juvenile court, it may exercise only those powers granted to it by statute, and it may not exercise powers it otherwise could exercise if it were sitting as a criminal court.

Before proceeding to the facts, a short explanation of the jurisdiction of the juvenile court system is in order. Ordinarily, the juvenile court [1] has exclusive original jurisdiction over a child [2] alleged to be delinquent.[3] Maryland Code (1974, 1980 Repl. Vol.), Courts & Judicial Proceedings Article, § 3-804 (a). It may, however, waive that exclusive jurisdiction with respect to a petition which alleges delinquency by a child who is 15 years old or older, or is charged with committing an act, which if committed by an adult, would be punishable by death or life imprisonment, if it conducts a waiver hearing, following notice to the parties involved, and makes its determination according to certain enumerated criteria. *Id.* at § 3-817. The case is then docketed as a criminal case in the circuit court. *See id.* at § 1-501. The juvenile court does not, however, have exclusive original jurisdiction over a child who is alleged to have committed certain serious crimes. Code (1974, 1980 Repl. Vol., 1981 Cum. Supp.), Courts Article, § 3-804 (d). Sub-

---

1. The juvenile court is the circuit court of a county, or Baltimore City, except in Montgomery County where it is the district court. Md. Code (1974, 1980 Repl. Vol., 1981 Cum. Supp.), Cts. & Jud. Proc. Art., § 3-801 (h). For purposes of clarity we will refer to the circuit court, sitting as the juvenile court, as simply the juvenile court.

2. A child is a person under the age of 18 years. Code (1974, 1980 Repl. Vol.), Cts. & Jud. Proc. Art., § 3-801 (d).

3. A delinquent child is one who has committed an act which, if committed by an adult, would constitute a crime. Code (1974, 1980 Repl. Vol., 1981 Cum. Supp.), Cts. & Jud. Proc. Art., §§ 3-801 (j) and (k).

section 3-804 (d) (4) specifically excepts from the exclusive original jurisdiction of the juvenile court a child 16 years old or older who is alleged to have committed the crime of robbery with a deadly or dangerous weapon, or its attempt. It also provides that the jurisdiction in the circuit court may be transferred to the juvenile court pursuant to the procedure established by Code (1957, 1982 Repl. Vol.), Article 27, § 594A. That section allows the circuit court to transfer a case involving a child, excluded from the exclusive original jurisdiction of the juvenile court under § 3-804 (d) (4) of the Courts Article, to the juvenile court if it is in the best interests of the child or society.[4] Section 594A (b) sets forth the criteria to be used in making such a determination.[5] This is known as reverse waiver.

The appellant in this case was 16 years old when on or about November 2, 1980 he allegedly committed the crime of robbery with a deadly weapon. Jurisdiction was therefore in the circuit court pursuant to § 3-804 (d) (4) of the Courts Article. On April 13, 1981, the circuit court granted a petition to transfer the case to the juvenile court pursuant to § 594A of Article 27. The appellant was ordered to be held at Waxter Children's Center, but escaped from there on April 27. He was apprehended on July 30.

The basis of the issue with which we are faced was laid on August 7 when, apparently motivated by the escape, the State filed identical motions in both the circuit court and the juvenile court requesting reconsideration of the circuit court's § 594A reverse waiver order of April 13. After a

---

4. The legislature recently amended § 594A to preclude the waiver to juvenile court of certain serious cases. See 1982 Md. Laws, ch. 468.

5. Section 594A (b) states:

"In making a determination as to waiver of jurisdiction the court shall consider the following:

(1) Age of child;
(2) Mental and physical condition of child;
(3) The child's amenability to treatment in any institution, facility, or program available to delinquents;
(4) The nature of the alleged offense; and
(5) The public safety."

hearing on this motion, the juvenile court ordered jurisdiction returned to the circuit court.[6] The appellant noted an appeal to the Court of Special Appeals and we granted certiorari so that we could consider the novel question he presents: "Was the Court below empowered to waive juvenile jurisdiction acquired by way of reverse waiver from the criminal court?"

The State agrees that the order returning jurisdiction to the circuit court was that of the juvenile court, not that of the circuit court, see footnote 6, *supra,* and cites *Ayre v. State,* 291 Md. 155, 159-60, 433 A.2d 1150, 1153 (1981) for the proposition that the juvenile court had the common law power to modify or rescind a judgment entered by the circuit court during the term of the court in which the judgment was entered. In that case the State argued that the Court of Special Appeals was correct in affirming a motion to dismiss the appeal of a criminal conviction for distributing obscene material. The Court of Special Appeals had denied the appellant's third motion to extend the time for filing the record because it was one day late. The trial court, ostensibly acting pursuant to Maryland Rule 1013, then struck the order for appeal. Twelve days later, however, the trial court vacated this dismissal order. The State, in this Court, argued that the trial court lost its jurisdiction by striking the order to appeal, was consequently without authority to vacate its dismissal of the order to appeal, and, therefore, the Court of Special Appeals was correct in dismissing the appeal.

---

6. The record states:

"Upon the aforegoing 'Motion to Reconsider the Waiver by the Circuit Court of Jurisdiction and Transfer Jurisdiction to the Juvenile Court', it is this *31st* day of *August,* 1981, by the Circuit Court for Anne Arundel County, sitting as a Juvenile Court,

*O R D E R E D,* that jurisdiction in the above-captioned case be and is hereby transferred from the Juvenile Court, and *R E T U R N E D* to the jurisdiction of the Circuit Court for Anne Arundel County as *Criminal Case #24,622.*"

The State agrees in its brief that the order was that of the juvenile court rather than the circuit court: "[Judge Lerner's] Order of August 31, 1981 was clearly couched in terms of the juvenile court waiving its jurisdiction and transferring jurisdiction back to the adult court."

This Court held that the action of the trial court vacating its dismissal was proper because

> " '[i]n Maryland, all judgments are under the control of the court during the term in which they are entered, and during that time the court has inherent power to strike out or modify judgments in both civil and criminal cases.' *Madison v. State,* 205 Md. 425, 431, 109 A.2d 96, 99 (1954). In the absence of a statute or rule either modifying or rescinding this power, such authority survives. See *Owen v. Freeman,* 279 Md. 241, 245, 367 A.2d 1245, 1247-48 (1977); *Scott v. State,* 223 Md. 376, 381, 164 A.2d 716, 719 (1960), and numerous citations therein. *See also* J. Poe, *Pleading and Practice* § 388 (5th ed. by H. Tiffany 1925)." *Id.*

*Ayre* noted that Maryland Rule 625 has since supplanted this common law power in civil actions and that because of this inherent power, it did not need to decide whether § 6-408 of the Courts Article [7] applied in criminal actions. Be that as it may, it is clear that the juvenile court may exercise only the powers granted to it by statute.[8] *See* Courts Article, § 3-801, *et seq.* These powers do not include the

---

7. Section 6-408 states:

"For a period of 30 days after the entry of a judgment, or thereafter pursuant to motion filed within that period, the court has revisory power and control over the judgment. After the expiration of that period the court has revisory power and control over the judgment only in case of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule."

"[I]t would seem that the critical inquiry [as to whether § 6-408 applies to the order vacating the court's striking of the order to appeal,] is the scope to be given the terms 'judgment' and 'court' as used in this provision, words which are not defined in the statute." Ayre v. State, 291 Md. at 159, 433 A.2d at 1153.

8. However, under certain unusual circumstances where the juvenile court has lost jurisdiction, the circuit court, sitting in equity, may hold a hearing to determine whether a transfer of jurisdiction to the criminal side of that court is proper. *See In re* Miles, 269 Md. 649, 309 A.2d 289 (1973).

power to modify an order of the circuit court sitting in a criminal case.

In *Austin v. Director,* 245 Md. 206, 225 A.2d 466 (1967), we held that the trial court had no power to order a new trial in a defective delinquency proceeding because its powers were limited to those enumerated in the statutory provisions relating to defective delinquents.

> "While the courts which hear defective delinquency proceedings are courts of general jurisdiction, they become courts of special or limited jurisdiction whenever they proceed to determine (with or without the aid of a jury) the status of persons alleged to be defective delinquents. In such cases, the courts instead of exercising their inherent powers are limited to the power and authority conferred on them by the provisions of Article 31B. A court can be a court of general jurisdiction for some purposes and a court of limited jurisdiction for other purposes. When therefore a court of general jurisdiction proceeds under a special statute it becomes a court of limited jurisdiction for the purpose of such proceeding. See C.J.S., *Courts* § 2. Accordingly, where a court of general jurisdiction undertakes to carry out a special power, a decision made in the exercise of such power is treated as a ruling of a court of limited jurisdiction and the presumption, applicable to a court of general jurisdiction, that it acted within the scope of its jurisdiction does not apply. See 20 Am.Jur.2d, *Courts* § 103.
>
> This Court has often had occasion to consider cases on appeal from lower courts involving the distinction between their special or limited jurisdiction and their general authority. In *Scherr v. Braun,* 211 Md. 553, 128 A.2d 388 (1957), where we were concerned with the right of appeal to the courts from liquor license boards, it was said at p. 563:
>
>> 'It is apparent that in giving the right of appeal to courts, the Legislature conferred a

special statutory jurisdiction on the courts and made the exercise of that jurisdiction the only right of the court to review the local board, to the exclusion of any common law remedy. No principle is better established than that in exercising a statutory power, a court is without jurisdiction unless it complies with the statute.' " *Id.* at 209, 225 A.2d at 467-68.

"While it is true that defective delinquent proceedings have been classified as civil in nature . . . and that in ordinary civil proceedings a court of general jurisdiction has inherent power to grant a new trial, it is also true that courts of special jurisdiction have no power to grant a new trial except as given to them by statute." *Id.* at 211, 225 A.2d at 469 (citations omitted).

*See also Simpler v. State,* ex rel. *Boyd,* 223 Md. 456, 462, 165 A.2d 464, 467 (1960) (appeal dismissed because circuit court was acting under "special and limited jurisdiction" of statute, which did not provide for appeal, in ordering State to make payment from Unsatisfied Claim and Judgment Fund, and statute which allowed appeal from final judgments in civil actions generally did not apply).[9] The same principle applies to juvenile causes. We have held that in juvenile causes there is no statutory right of removal or change of venue because the juvenile causes statute makes no provisions for them. In re *Fletcher,* 251 Md. 520, 531, 248 A.2d 364, 371 (1968), *cert. denied,* 396 U.S. 852, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); *see Bullock v. State,* 230 Md. 280, 286, 186 A.2d 888, 891 (1962) (no right of removal in defective delinquency proceeding).

The juvenile causes provisions of title 3, subtitle 8, of the

---

**9.** The effect of this decision was abrogated by the Legislature's passage of 1962 Md. Laws, ch. 49, which permitted an appeal from such a decision. Cts. & Jud. Proc. Art., § 12-301 now explicitly provides for the right of appeal from a final judgment by a court in the exercise of special or limited jurisdiction.

Courts Article do not expressly or impliedly allow the juvenile court to modify decisions of the circuit court sitting in a criminal case. Because courts of special jurisdiction exercise only those powers granted to them by statute, the juvenile court in this case had no power to vacate the order of the circuit court, thus returning the case to the criminal side of the circuit court. Although the juvenile court has the statutory power to transfer jurisdiction of a case to the circuit court pursuant to § 3-817 of the Courts Article, that section only applies in cases where the juvenile court has exclusive original jurisdiction. Because the charge here was robbery with a deadly weapon, original jurisdiction was in the circuit court, *see* Courts Article, § 3-804 (d) (4), and § 3-817 has no application. Jurisdiction in this case was originally in the circuit court, was transferred to the juvenile court and it remains there.

> *Order reversed and case remanded for proceedings consistent with this opinion.*
>
> *Costs to be paid by Anne Arundel County.*