523 A.2d 1042

**Corey A. CROSBY**

v.

**STATE of Maryland.**

**No. 1005, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

April 14, 1987.

**58**

Arthur A. DeLano, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender), Baltimore, for appellant.

John S. Bainbridge, Jr., Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Steven A. Cohen, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Submitted before WEANT, ROSALYN B. BELL and ROBERT M. BELL, JJ.

ROSALYN B. BELL, Judge.

Corey A. Crosby, aged 15, was charged as a juvenile with robbery with a deadly weapon and related offenses. In October, 1985, he appeared before the Circuit Court for Baltimore City sitting as a Juvenile Court. At the conclusion of the hearing, that court waived jurisdiction over the juvenile to the circuit court,[1] paving the way for Crosby to be tried as an adult. On December 9, 1985, Crosby was charged as an adult with the same offenses. Before trial, Crosby moved to transfer jurisdiction back to the juvenile court. The circuit court denied the motion ruling that under the juvenile court waiver provisions codified at Md. Cts. & Jud. Proc. Code Ann. § 3–804 (1974, 1984 Repl.Vol., 1985 Cum.Supp.) and § 3–817 (1974, 1984 Repl.Vol.), and under the circuit court waiver provisions codified at Md. Code Ann. Art. 27, § 594A (1957, 1982 Repl.Vol., 1985 Cum.Supp.), it lacked jurisdiction to transfer the matter back to the juvenile court. That same day, Crosby was tried on a "not guilty—agreed statement of facts" and found guilty of robbery with a deadly weapon. Subsequently, the circuit court struck the original verdict and found Crosby guilty of robbery. Crosby appeals to this Court challenging the circuit court's denial of his motion to transfer jurisdiction back to juvenile court. We affirm, but for reasons other than those espoused by the circuit court. Before reaching the merits, however, we will set out the statutory relationship between the juvenile and circuit court in cases involving juveniles.

The juvenile courts are created by statute and have limited jurisdiction. With certain exceptions, these courts

---

1. We will refer to the adult criminal court as the circuit court, although except in Montgomery County, the circuit courts of the various counties and Baltimore City sit as a juvenile court. When the circuit court sits as a juvenile court, we will refer to it as the juvenile court.

have exclusive original jurisdiction over children alleged to have committed delinquent acts. Md. Cts. & Jud. Proc. Code Ann. § 3–804(a).[2] Subsection (e) to § 3–804 sets out those instances in which the juvenile court does not have exclusive original jurisdiction:

"(e) The court does not have jurisdiction over:

(1) A child 14 years old or older alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment, as well as all other charges against the child arising out of the same incident, unless an order removing the proceeding to the court has been filed under Article 27, § 594A;

(2) A child 16 years old or older alleged to have done an act in violation of any provision of the Transportation Article or other traffic law or ordinance, except an act that prescribes a penalty of incarceration;

(3) A child 16 years old or older alleged to have done an act in violation of any provision of law, rule, or regulation governing the use or operation of a boat, except an act that prescribes a penalty of incarceration; or

(4) A child 16 years old or older alleged to have committed the crime of robbery with a dangerous or deadly weapon or attempted robbery with a dangerous or deadly weapon, as well as all other charges against the child arising out of the same incident, unless an order removing the proceeding to the court has been filed under Article 27, § 594A."[3]

■ Appellant was alleged to have committed robbery with a deadly weapon. Since he was 15 years old at the time of the incident, none of the exceptions to juvenile jurisdiction under subsection (e) were applicable. Hence,

---

**2.** A child is a person under 18 years of age and a delinquent act is one which if committed by an adult would constitute a crime. Md. Cts. & Jud. Proc. Code Ann. § 3–801(d), (k) (1974, 1984 Repl.Vol.).

**3.** An amendment effective July 1, 1986 added an exception numbered (5) to subsection (e). The 1986 amendment is not relevant here.

the juvenile court had exclusive original jurisdiction over appellant's case.

■ The circuit court, unlike the juvenile court, is not classified as a court of limited jurisdiction. Maryland Cts. & Jud. Proc. Code Ann. § 1–501 (1974, 1984 Repl.Vol.) provides:

"The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State. Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, except where by law jurisdiction has been limited or conferred exclusively upon another tribunal."

In the case of juvenile offenses, however, since jurisdiction has generally been conferred upon the juvenile court under § 3–804(a), the circuit court has exclusive original jurisdiction in a juvenile matter only when the alleged offense falls under one of the statutory exceptions listed under § 3–804(e).

■ Where exclusive original jurisdiction is lodged in the juvenile court, a waiver of that jurisdiction may occur pursuant to § 3–817 of the Courts and Judicial Proceedings Code. Under § 3–817(a), the juvenile court may waive its exclusive original jurisdiction with respect to a petition alleging delinquency by a child who is (1) 15 years old or older or (2) a younger child if the alleged crime is one that if committed by an adult would be punishable by life imprisonment or death. The juvenile court may not waive its jurisdiction unless after a hearing the State has proven by a preponderance of the evidence that the child is "an unfit subject for juvenile rehabilitative measures." Md. Cts. & Jud. Proc. Code Ann. § 3–817(c) (1974, 1984 Repl.Vol.). An order of waiver terminates the jurisdiction of the juvenile court and vests it in the criminal court having jurisdiction over the criminal offense with which the child is charged. *In re Appeal No. 961, September Term, 1973,* 23 Md.App.

9, 12, 325 A.2d 112 (1974). In the case *sub judice*, the juvenile court granted a petition to transfer the case to the circuit court pursuant to § 3–817(a)(1).

In like manner, the circuit court having original jurisdiction may transfer a case to the juvenile court under the procedures set out in Art. 27, § 594A. This is termed a reverse waiver. Section 594A provides:

"(a) **Transfer to juvenile court.**—In any case, except as provided in subsection (b), involving a child who has reached 14 years of age but has not reached 18 years of age at the time of any alleged offense excluded under the provisions of § 3–804[e](1) or [e](4) [4] of the Courts Article, the court exercising jurisdiction may transfer the case to the juvenile court if a waiver is believed to be in the interests of the child or society.

(b) **Certain causes not transferable.**—The court may not transfer a case to the juvenile court under subsection (a) if:

(1) The child has previously been waived to juvenile court and adjudicated delinquent;

(2) The child was convicted in another unrelated case excluded from the jurisdiction of the juvenile court under § 3–804[e](1) or [e](4); [5] or

(3) The alleged offense is murder in the first degree and the accused child is 16 or 17 at the time the alleged offense was committed."

The circuit court must engage in the same inquiry as the juvenile court when deciding whether to order a waiver of

---

**4.** Section 3–804(d) was the provision in force prior to July 1, 1984. Effective that date, subsection (d) was relettered (e). Subsection (e) is the provision in force in the case *sub judice*. The Legislature failed to amend § 594A at the same time to reflect the relettering. Consequently, until July 1, 1986, § 594A made reference to (former) subsection (d) instead of present subsection (e). As of July 1, 1986, § 594A now reflects the proper relettering that occurred in 1984 and also includes reference to new subsection (e)(5). Counsel has not contended that the failure to reletter prior to 1986 is relevant to this inquiry.

**5.** *See* n. 4.

jurisdiction, although the burden of persuasion is different. *In re: Ricky B.*, 43 Md.App. 645, 648–49, 406 A.2d 690 (1979). In the juvenile court the burden is on the State to establish that the juvenile system does not offer a viable chance to the juvenile for rehabilitation, whereas at the circuit court level the burden is on the juvenile to demonstrate he or she is suitable for rehabilitation in the juvenile system. With these statutory mechanisms in mind, we turn to the merits of the issue before us.

In the case *sub judice*, appellant sought a reverse waiver to the juvenile court under § 594A after the juvenile court had waived the matter to the circuit court pursuant to § 3–817(a)(1). Thus, the question presented is whether a circuit court which acquires jurisdiction by way of a waiver has the power to order a reverse waiver. The question must be answered in the negative.

▮ Appellant contends that because the circuit courts are courts of general jurisdiction under Md. Cts. & Jud. Proc. Code Ann. § 1–501, the circuit court without exclusive original jurisdiction nevertheless has the power, except as that power is limited by Art. 27, § 594A(b), to transfer what had been a juvenile case back to the juvenile court. Since, as appellant argues, his case is not one of those causes excepted under subsection (b), the circuit court had the authority to transfer jurisdiction. Appellant not only reads § 1–501 and Art. 27, § 594A in a vacuum, but poses the issue in a jurisdictional context. Although the State and the circuit court viewed the issue as jurisdictional as well, we view it as a question of the power and authority of the circuit court when proceeding under a special statute. Let us explain.

In *Austin v. Director of Patuxent Institution*, 245 Md. 206, 209, 225 A.2d 466 (1967), the Court of Appeals held that when a court proceeds by way of a special statute rather than under its general common-law authority, that court has only the powers given to it under the special statute. Accordingly, when a circuit court acquires a matter pursuant to § 3–817(a), that court can only exercise those powers

given to it under that Code provision. We turn to § 3–817 to determine whether a circuit court can order a reverse waiver.

Section 3–817(e) specifies the procedure the adult court is to follow when it acquires jurisdiction over a waived juvenile matter. That provision states in pertinent part:

> "(e) If the jurisdiction is waived, the court shall order the child held for trial under the regular procedures of the court which would have jurisdiction over the offense if committed by an adult."

Under subsection (e), then, the circuit court is empowered to proceed "under the regular procedures" as if the matter had originated at that level. The question thus narrows down to whether Art. 27, § 594A, the waiver provision governing the circuit court, empowers that court in this situation to order a reverse waiver of the matter to juvenile court.

Article 27, § 594A(a) clearly specifies that, other than the exceptions in subsection (b), the circuit court may transfer a juvenile matter in any case involving a child 14 years or older who it is alleged has committed "any ... offense excluded under the provisions of § 3–804[e](1)or [e] (4)"— the exact provisions that preclude juvenile court jurisdiction. Thus, by the plain language of § 594A, the circuit court's power to transfer jurisdiction can only be exercised in instances when it has exclusive original jurisdiction over a juvenile matter pursuant to § 3–804(e)(1) or (4).[6] Article 27, § 594A is inapplicable when the circuit court acquires jurisdiction only by waiver.

■ Since appellant's case came to the circuit court by waiver and not by way of original exclusive jurisdiction— that is, appellant's case did not fit into one of the statutory exceptions provided in § 3–804(e)—the circuit court properly denied the motion to grant a waiver back to juvenile court.

---

**6.** Since the 1986 amendment, this statement applies with equal force to subsection (e)(5).

Appellant asserts that "[t]o hold that the circuit court *must* accept the juvenile court's waiver determination would lead to absurd results. The circuit court could waive jurisdiction over a child accused of armed robbery if he were 16 years old but could not waive jurisdiction over the same child if he were one year younger." (Emphasis in original.) Appellant is correct in his factual predicate but incorrect in his characterization that such a result is "absurd."

The Legislature has concluded that with respect to juveniles who allegedly commit certain offenses, 15–year-olds and 16–year-olds are not to be treated identically. In the case of a 15–year-old youth accused of committing armed robbery, the General Assembly has determined that the juvenile system is in the first instance the most appropriate place to adjudicate the matter. This determination may be challenged by the State at a waiver hearing. With respect to a 16–year-old youth accused of committing the same crime, the Legislature has concluded that the adult criminal court is the appropriate place to handle the matter, subject to a contrary determination by the circuit court that a reverse waiver is in the best interests of the juvenile and society. Whether the demarcation line between 15 and 16 year olds accused of armed robbery is the most suitable dividing line between the adult and the juvenile system is not at issue in this case nor is the question open to us to answer. The Legislature has spoken and concluded that it is a proper division.

In creating the current statutory framework, the Legislature intended that a single waiver determination was to be made. As the statutes are designed, the juvenile is afforded one waiver hearing at which time the court with original jurisdiction is empowered to decide whether the criminal court or the juvenile system is the best forum to handle his or her situation. This statutory scheme makes sense from the point of view of judicial economy and expediency of juvenile matters.

To read the statutes otherwise and permit multiple waivers, waiver between courts could unproductively clog dockets and create a sense of uncertainty of responsibility within the judicial system. Additionally, the ultimate disposition of juvenile cases, which should be handled expeditiously, would be unnecessarily delayed by the addition of an extra waiver hearing.

Appellant also relies on the decision in *In re: Glenn S.*, 293 Md. 510, 445 A.2d 1029 (1982), to suggest the circuit court, in every juvenile matter, has full common-law powers to act. We find the decision in *In re: Glenn S.* consistent with our holding.

In that case, Judge Couch, writing for the Court of Appeals, held that the juvenile court, as a statutory court with limited jurisdiction, could not strike a reverse waiver decision of the circuit court. Appellant argues that decision controls the case *sub judice* because it infers that the circuit court, unlike the juvenile court, is not a court of limited jurisdiction, and thus possesses all the powers available to it when it originally has jurisdiction in a juvenile case. We are not persuaded.

In *In re: Glenn S.*, the Court did rule that because the juvenile court is a court of limited jurisdiction it had no statutory jurisdiction to strike the circuit court's waiver order. Original exclusive jurisdiction was lodged in the circuit court because the juvenile allegedly committed an offense falling under then § 3–804(d)(4) (currently § 3–804(e)(4)). The juvenile court only acquired jurisdiction because the circuit court ordered a reverse waiver pursuant to Art. 27, § 594A. Relying on *Austin*, 245 Md. at 211, 225 A.2d 466, the Court ruled that when a court of general jurisdiction proceeds under a special statute it may only exercise those powers granted to it under the statute. *In re: Glenn S.*, 293 Md. at 515–16, 445 A.2d 1029. Since the juvenile court only acquired the juvenile case by reverse waiver, it was limited to exercising only those powers

conferred to it by statute. Striking the reverse waiver decision was not one of those powers.

The case *sub judice* presents the converse situation. The circuit court acquired jurisdiction only through the waiver statute in § 3–817. While generally a court with full common-law powers, when proceeding by way of § 3–817, the circuit court can only exercise those powers given to it under § 3–817. Under these circumstances, it did not possess the power to transfer a juvenile case back to the juvenile court. Article 27, § 594A with its attendant powers was simply inapplicable.

Appellant also relies on the decision of the Court of Appeals in *In the Matter of Miles,* 269 Md. 649, 309 A.2d 289 (1973). Appellant quotes from *Miles:*

" 'It does not follow, because in these circumstances the Juvenile Court may be power less [sic] to [conduct a waiver hearing], that other courts are similarly impotent. Indeed we think the courts of equity of this state are well equipped to resolve the question whether waiver would have been appropriate when the hearing would ordinarily have taken place if the [appellees] had been brought before the Juvenile Court in the first place. *There is nothing new about the notion that such a determination can be made by a court untrammeled by the jurisdictional limitations hedging about the Juvenile Court.'* " (Brackets in original.) (Emphasis supplied.)

Appellant asserts that since the circuit court is a court of equity, it had broad powers in the case *sub judice* to conduct what would amount to a second waiver hearing. Appellant lifts this quotation from *Miles* out of context.

In *Miles,* four juveniles, all aged 17 years, were tried and convicted originally in the Circuit Court of Baltimore City in 1968 because the statute then in force set the jurisdictional limits of the Baltimore City juvenile court at under 16 years of age. The limit for the juvenile courts of Maryland's counties was under 18 years of age. In 1971, this age disparity was declared unconstitutional. *Long v. Robinson,*

316 F.Supp. 22 (D.Md.1970), *aff'd,* 436 F.2d 1116 (4th Cir. 1971); *Greene v. State,* 11 Md.App. 106, 273 A.2d 830 (1971). A waiver hearing of juvenile court jurisdiction was required for those convicted in Baltimore City who were affected by the age disparity. *See Franklin v. State,* 264 Md. 62, 285 A.2d 616 (1972). In 1972, the four juveniles in *Miles,* who were by then adults, filed petitions for a writ of habeas corpus. Their convictions were vacated and each was remanded to the custody of the juvenile court. The State then filed delinquency petitions against each and requested waiver of jurisdiction hearings. The "juveniles" moved to dismiss the petitions because each had attained the age of 21—the then outside limits for juvenile court jurisdiction.[7] The court granted the motions to dismiss with respect to two and denied the motions with respect to the other two. It waived jurisdiction to the circuit court for these latter two. The two whose cases were waived appealed arguing that since they were over 21, the juvenile court lacked jurisdiction over them and thus lacked authority to conduct waiver hearings, and since the criminal court could not proceed without a waiver, and one was not possible, they had to be released. The State disagreed and also appealed the dismissal of the other two petitions.

The Court of Appeals agreed with the "juveniles" that the juvenile court did not have jurisdiction to waive the cases to the circuit court. The Court held, however, that despite the fact that the juvenile court was powerless to act, the circuit court, as a court of equity, could conduct the waiver hearings. This determination was based on the ruling of the Supreme Court in *Kent v. United States,* 383 U.S. 541, 564–65, 86 S.Ct. 1045, 1058–59, 16 L.Ed.2d 84 (1966), a case presenting substantially the same factual

---

**7.** Now under Md. Cts. & Jud. Proc. Code Ann. § 3–807(b) (1974, 1984 Repl.Vol.), the juvenile court has exclusive original jurisdiction for the purpose of waiving it over a person 21 years of age or older alleged to have committed a delinquent act while under 18 years of age.

situation and proposing the exact relief. The Court also held that dismissal of the two petitions was inappropriate, relying on former Md.Rule 515 a which required that when a plaintiff was entitled to relief but brought the matter in the wrong court the action would not be dismissed but transferred to the proper forum.

It should be noted that the Court of Appeals in *Miles* characterized the circumstances it had before it as "odd." *Miles,* 269 Md. at 658, 309 A.2d 289. In reviewing the *Miles* decision, the Court in *In re: Glenn S.,* 293 Md. at 514 n. 8, 445 A.2d 1029, suggested that "under certain unusual circumstances where the juvenile court has lost jurisdiction, the circuit court, sitting in equity, may hold a hearing to determine whether a transfer of jurisdiction to the criminal side of that court is proper." In contrast, none of the "unusual circumstances" which were present in *Miles* and resulted in the juvenile court "losing" jurisdiction existed in the case *sub judice.* Here the juvenile court originally had jurisdiction. Only after a waiver hearing did the juvenile court decide that the adult court was the proper place to try appellant. Moreover, unlike *Miles,* the juvenile in the case at bar had a full waiver hearing and was merely seeking either a second waiver hearing or a review of the first decision. Appellant simply was not caught in the quagmire of changing statutory laws and age limitations which muddied the jurisdictional waters in *Miles.* Thus, *Miles* is not controlling and an invocation of the equitable remedial powers of the circuit court was not necessary in the instant case.

In conclusion, jurisdiction in this case was originally in the juvenile court; it was transferred to the circuit court, and it remains there. The appellant does not launch any attack on his convictions themselves. Accordingly, the judgments are affirmed.

JUDGMENTS AFFIRMED. COSTS TO BE PAID BY APPELLANT.