STATE of Arkansas *v.* Abraham HATTON

93-537                                           868 S.W.2d 492

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, for appellee.

TOM GLAZE, Justice. On March 20, 1992, the state filed a two-count felony information in Pulaski County Circuit Court against Abraham Hatton, who was sixteen years old. Hatton was charged with possession of cocaine with intent to deliver and possession of drug paraphernalia with intent to use. The information reflected that Hatton was arrested on January 30, 1992.

On January 20, 1993, Hatton filed a motion to transfer his felony charges to the Juvenile Division of Pulaski County Chancery Court, and the state opposed the motion. On January 26, 1993, the circuit court conducted an evidentiary hearing on Hatton's transfer motion and ordered Hatton's case transferred, noting Hatton had no record of violence. In a February 10, 1993 memorandum, the juvenile-division judge declined to accept Hatton's case and in her March 3, 1993 order, filed and entered the same date, the juvenile judge stated the following reasons for refusing jurisdiction:

> 1. The defendant has a history of delinquency in this juvenile court;
>
> 2. The circuit court is therefore a more proper forum for jurisdiction of these offenses;
>
> 3. Speedy trial ran prior to presentation to juvenile court.

No appeal was taken from the foregoing order. Instead, the state filed a motion to supplement the record in the circuit court with a copy of the juvenile judge's March 3 order, and on March 23, 1993, the circuit court granted the motion, stating the juvenile-division chancery judge's "order is in direct conflict with and therefore affects the orders of this court and said order is

necessary to make this court's record complete." The state filed a notice of appeal from the circuit court's March 23 order, and argues in this appeal that the juvenile-division judge lacked jurisdiction to refuse to accept Hatton's case after the circuit court transferred the case to juvenile court.

Although the juvenile court may well have been without jurisdiction to have refused the circuit court's transfer of Hatton's case, the state failed to file a notice of appeal from the juvenile court's proceeding and March 3 order. That order effectively denied transfer of Hatton's case, and under Ark. Code Ann. § 9-27-318(h)(Repl. 1993), the state should have appealed from the March 3 order if it desired to challenge the juvenile judge's decision.[2] This court simply has no jurisdiction to decide the efficacy of the juvenile court's ruling in this appeal from the circuit court proceeding. Therefore the state's appeal must be dismissed.[2]

In conclusion, we would add that, while the dismissal of this appeal leaves Hatton's case in circuit court, the juvenile judge's finding in her March 3 order that the speedy-trial time had run is in no way binding on the circuit court. In refusing transfer and jurisdiction of Hatton's case, the juvenile judge obviously precluded herself from hearing and deciding the speedy-trial issue.[3]

HOLT, C.J., concurs; HAYS and BROWN, JJ., dissent.

---

[1]Procedurally, this case developed in an unusual manner. Hatton initially moved to transfer to juvenile court, and the state opposed that motion. The circuit court granted Hatton's motion, but the juvenile court refused to accept jurisdiction of the case. In short, the state appears ultimately to have prevailed below, but argues that position here. *See Bynum* v. *Savage*, 312 Ark. 137, 847 S.W.2d 705 (1993) (where this court held a party who prevails has no ground for appeal).

[2]On occasion, this court has treated an appeal from a judgment or decree which lacks judicial support as if it were brought up on certiorari. *Bridges* v. *Ark. Motor Coaches*, 256 Ark. 1054, 511 S.W.2d 651 (1974). However, even in such instances, certiorari lies to correct proceedings that are erroneous on the face of the record. *Id.* Here, the juvenile court's proceeding and record is not before us — only its March 3 order is. For the same reason and others (including the fact that the juvenile court has not been made a party to this proceeding) mandamus also does not lie in these circumstances.

[3]In her memo to the circuit judge, the chancery judge stated she could not determine if there are any legitimate tolling periods. In addition, the circuit court at this stage of the proceeding below has refused to grant appellee's speedy-trial motion.

JACK HOLT, Chief Justice, concurring. I heartily concur with the majority that the State's appeal must be dismissed. The majority predicate their action on the premise that this court does not have jurisdiction to decide the efficacy of the juvenile court's ruling in this appeal from the circuit court proceeding, whereas I would dismiss on the basis that the circuit court had lost its jurisdiction over Hatton when it transferred his case to juvenile court. This court has a duty to raise the question of subject-matter jurisdiction on its own motion. *See State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992).

To support my position, an exploration of the factual background is necessary. On March 20, 1992, the State filed a two-count felony information against the appellee, Abraham Hatton, charging him with possession of cocaine with intent to deliver and possession of drug paraphernalia with intent to use. On the date of his alleged offenses, January 20, 1992, Hatton was sixteen years old. The information recited that he had been arrested on January 30, 1992.

A year later, on January 20, 1993, Hatton filed a motion in Pulaski County Circuit Court to transfer the two pending criminal charges to the Juvenile Division of Pulaski County Chancery Court. This motion was made under the authority of Ark. Code Ann. § 9-27-318(d) (Supp. 1993), which provides that

> Upon the motion of the court or of any party, the judge of the court in which a delinquency petition or criminal charges have been filed shall conduct a hearing to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction.

The State filed a response opposing the motion on January 25, 1993.

Pursuant to the statutory requirement, an evidentiary hearing on the motion to transfer was held in the Pulaski County Circuit Court on January 26, 1993. After hearing witness testimony and argument for counsel, the circuit court, noting that Hatton had no record of violence, ordered the transfer of the case to the Juvenile Division of the Pulaski County Chancery Court.

In a memorandum sent to the First Division Chancery Judge on February 10, 1993, the juvenile division of the chancery court

declined to accept the transfer of Hatton's case.

Thereafter the Pulaski County Circuit Court and the Juvenile Court made certain orders and entries on its docket sheet which are of no further consequence.

In its single point for reversal, the State frames the issue on appeal — whether the juvenile court lacked statutory authority to refuse to accept jurisdiction of Hatton's case upon transfer from the circuit court — in the larger context of the limitations on judicial power imposed by the legislature through the enactment of procedural statutes. The State's argument is primarily focused on the language of the controlling statute itself.

Out of these arguments, the real question surfaces: that is, did the circuit court, when it conducted a hearing to determine whether to retain jurisdiction or to transfer this case to juvenile court under Ark. Code § 9-27-318(d) and decided upon the latter course, lose jurisdiction over the case for all purposes? If, as I believe, the answer is that the circuit court has in fact lost jurisdiction, then the appeal of its present orders is of no moment, and I would hold accordingly. Actions taken by a court without jurisdiction are null and void. *State* v. *J.B.*, 309 Ark. 70, 827 S.W.2d 144 (1992).

The relevant statutory section, Ark. Code Ann. § 9-27-318(d), provides for "the judge of the court in which a delinquency petition or criminal charges have been filed" to "conduct a hearing to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction." Nowhere does this statute authorize "another court having jurisdiction" to refuse to accept the transfer. Indeed, the rest of the statute is silent on the question of the power of the court, whether circuit or chancery, to do anything other than accept the transferred case.

So, too, are our opinions on juvenile transfer cases, all of which presuppose that the fundamental issue is whether a court has properly ordered or denied a transfer, not whether "another court having jurisdiction" has the option to decline the transfer. *See, e.g., Slay* v. *State*, 309 Ark. 507, 832 S.W.2d 217 (1992); *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991).

In another context, we have declared that § 9-27-318 "clearly delegates" the responsibility for determining whether the circuit court or the juvenile division of chancery court is the more appropriate forum "to the court in which the charges were brought." *Pennington* v. *State*, 305 Ark. 312, 315, 807 S.W.2d 660, 662 (1991). The *Pennington* case dealt with an instance in which the circuit court ignored its own findings and deferred solely to the prosecutor's judgment in selecting a forum for trial. Obviously, if the legislature has vested the decision-making power regarding transfers in the particular court before which the juvenile first appears, the other court cannot assume this statutorily conferred authority, any more than the prosecutor could in *Pennington*. Had the circuit court here accepted the case after the juvenile division of chancery court refused it, there would have been, as in *Pennington* v. *State*, an abuse of discretion.

Simply put, the juvenile division of chancery court had no legal authority to decline to accept the appellee's case. In so doing, it exceeded its jurisdiction, *see State* v. *Garrison*, 272 Ark. 470, 615 S.W.2d 371 (1981), and its order reflecting that excess is erroneous on its face. *Juvenile H.* v. *Crabtree*, 310 Ark. 208, 833 S.W.2d 208 (1992). As noted above, actions taken by a court without jurisdiction are null and void. *State* v. *J.B., supra.*

Three cases from two other states have directly addressed this issue: *In re Glenn S.*, 445 A.2d 1029 (Md. 1982); *Crosby* v. *State*, 523 A.2d 1042 (Md. App. 1987); *Commonwealth* v. *Pitt*, 385 A.2d 574 (Penn. Super. Ct. 1978). Each involved a court system in which jurisdiction regarding criminal charges filed against juveniles was divided between a criminal trial court and a juvenile court. In each case, one of the two courts, acting under the authority of a state statute, ordered the matter in question to be transferred to the other court, and the second court, in each instance, returned the matter to the original court.

In each of the three cases, the Maryland and Pennsylvania appellate courts held that the second, or receiving, court lacked statutory authority, and hence jurisdiction, to make a "reverse" transfer. In *Crosby* v. *State, supra*, the Maryland Court of Special Appeals made the following pertinent observations:

> The Legislature has concluded that with respect to

juveniles who allegedly commit certain offenses, 15-year-olds and 16-year-olds are not to be treated identically. In the case of a 15-year-old youth accused of committing armed robbery, the General Assembly has determined that the juvenile system is in the first instance the most appropriate place to adjudicate the matter. This determination may be challenged by the State at a waiver hearing. With respect to a 16-year-old youth accused of committing the same crime, the Legislature has concluded that the adult criminal court is the appropriate place to handle the matter, subject to a contrary determination by the circuit court that a reverse waiver is in the best interests of the juvenile and society. . . .

In creating the current statutory framework, the Legislature intended that a single waiver determination was to be made. As the statutes are designed, the juvenile is afforded one waiver hearing at which time the court with original jurisdiction is empowered to decide whether the criminal court or the juvenile system is the best forum to handle his or her situation. This statutory scheme makes sense from the point of view of judicial economy and expediency of juvenile matters.

To read the statutes otherwise and permit multiple waivers, waiver between courts could unproductively clog dockets and create a sense of uncertainty of responsibility within the judicial system. Additionally, the ultimate disposition of juvenile cases, which should be handled expeditiously, would be unnecessarily delayed by the addition of an extra waiver hearing.

523 A.2d at 1046.

In my view, for the reasons enumerated above, and in order to prevent jurisdictional confusion and to promote judicial efficiency, Ark. Code Ann. § 9-27-318 should be strictly construed to vest the sole authority to transfer a juvenile case, after the statutorily required hearing, in the first court in which a delinquency petition or criminal charge has been lodged. That decision must be final and not subject to a second opinion by the receiving court.

Likewise, once the first court effects a transfer, as the circuit court did here, it divests itself of jurisdiction. I would therefore hold that there is no valid order from which the State could have brought this appeal.

ROBERT L. BROWN, Justice, dissenting. The case involves a struggle between two courts over which one will hear the drug case of a juvenile. The Pulaski County Circuit Court ordered the case transferred to juvenile court pursuant to Ark. Code Ann. § 9-27-318 (Repl. 1993) while Abraham Hatton was still younger than 18. The juvenile court refused to accept the case or to give it a case number. The case is now moot for purposes of the Juvenile Code since Hatton is over age 18. *See* Ark. Code Ann. § 9-27-303(1) (Repl. 1993). To confuse matters further, the circuit court denies that it has jurisdiction over Hatton because of its prior transfer.

Resolving the issue of whether the receiving juvenile court has authority to refuse a juvenile transfer is of the utmost importance. These transfer cases are heard by the circuit courts with increasing frequency. For that reason alone, it is incumbent on this court to address the issue of whether a transfer may be refused.

I disagree with the majority opinion that the State erred in not appealing the juvenile court's March 3 order refusing the transfer. As the State took pains to point out in its reply brief, it could not appeal the juvenile court's order because that court had refused the transfer and declined to open a case:

> Therefore, the juvenile court did not place a case number on this March 3, 1993 order. So, as of March 3, 1993, the State had an order to appeal, but no court case to appeal from. With no case in juvenile court and, necessarily, no case number, the State was unable to file a notice of appeal in juvenile court.

The circuit court, as a consequence, entered an order on March 23, 1993, detailing the fact that the juvenile court had refused the transfer and supplementing the circuit court record with the juvenile court's order. It is that circuit court order which the State now appeals.

Admittedly, this case is something of a procedural conundrum. The case is moot in juvenile court, and the circuit court refuses to hear it because of its transfer. As a result, the drug case of Abraham Hatton rests in limbo, and justice is ill-served.

I would resolve the jurisdictional confusion inherent in this matter. We have said that even when a case is moot, we will entertain the case where an issue of significant public concern is involved. *See Campbell* v. *State*, 311 Ark. 641, 846 S.W.2d 639 (1993); *Duhon* v. *Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990). Surely this case meets that criterion.

Secondly, the State had no choice but to appeal the circuit court's supplemental order. There was no case in juvenile court. The juvenile judge had refused it. How else could this matter be appealed for resolution other than the way in which it was done?

It is clear that the juvenile court has no existing authority to refuse a juvenile transfer under Ark. Code Ann. § 9-27-318. *See also Crosby* v. *State*, 523 A.2d 1042 (Md. App. 1987); *In re Glenn S.*, 445 A.2d 1029 (Md. 1982). I would interpret the operative statute to that effect and further declare that the case currently resides in juvenile court for resolution.

HAYS, J., joins.