Frankie WEBB v. STATE of Arkansas

CA 94-502                                        893 S.W.2d 357

Court of Appeals of Arkansas
Division I
Opinion delivered March 1, 1995

*Bill Luppen,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Acting Deputy Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Frankie Webb, a juvenile, appeals from an order of the juvenile court which granted the State's motion to nol-pros three counts of committing a terroristic act.

On September 7, 1993, the State filed a felony information in circuit court charging appellant with four counts of terroristic acts in violation of Ark. Code Ann. § 5-13-310 (Repl. 1993). The acts were alleged to have been committed on June 14, 1993, at which time the appellant was 14 years of age. On November 16, 1993, appellant filed a motion to transfer his case to juvenile court.

On December 7, 1993, the State amended its information

in circuit court to include one count of first degree battery, and on January 11, 1994, the circuit court granted appellant's motion to transfer the case to juvenile court. That same day, the State filed a delinquency petition in juvenile court charging appellant with committing three of the same terroristic acts charged in circuit court. The fourth terroristic act and the count of first degree battery charged in the amended information in circuit court were not included in the delinquency petition.

At a hearing on the State's delinquency petition, held January 13, 1994, the juvenile judge granted the State's oral motion to nol-pros over appellant's objection that:

> The circuit court transferred this case to juvenile court. It's my position that that's where this conduct should be tried, and that Mr. Johnson by nol prossing this charge, I believe their strategy is, would then refile charges saying that it is now a battery first in order to get them into an adult court where he can be —faces five to twenty years in the penitentiary, Your Honor; and would say that, in effect, they are circumventing the transfer order of Judge Langston and the laws of Arkansas under transfer of juvenile to juvenile court. And that's my objection, Your Honor.

Although the record in this case does not contain anything about it, we know from the State's brief that the case of *Webb* v. *State*, 318 Ark. 581, 886 S.W.2d 624 (1994), has some involvement with the case now before us. From the opinion in that case we know that on the same day — January 13, 1994 — that the juvenile court granted the state's motion to nol-pros (the order was actually entered on January 24, 1994) the State again charged appellant, by a new information filed in circuit court, with the first degree battery count which had been transferred from circuit to juvenile court on January 11, 1994. We also know from our supreme court's opinion in *Webb* that the appellant made a motion to dismiss that case on the basis that circuit court lost jurisdiction when the battery charge was transferred to juvenile court. The court denied the motion to dismiss. Appellant then filed a petition for a writ of prohibition which was granted in *Webb*. The court held that, by transferring the first degree battery charge to juvenile court, the circuit court waived jurisdiction over appellant and the circuit court's jurisdiction over the juvenile, once sur-

rendered pursuant to a valid hearing on a motion to transfer, could not be regained simply by the state's unilateral action of refiling its charges in circuit court.

The appeal in the instant case was originally in our supreme court, but on July 12, 1994, the case was transferred to the court of appeals. In this appeal, the appellant argues that the juvenile court erred in granting the State's motion to nol-pros. Appellant contends that once a circuit court has transferred a case to juvenile court, the juvenile court is without authority to transfer that case back to circuit court. Appellant says the juvenile court has in effect transferred his case back to circuit court by allowing the State to nol-pros the juvenile petition and refile the charges in circuit court in violation of Ark. Code Ann. § 9-27-310 (Repl. 1993). The cases of *State* v. *Hatton*, 315 Ark. 583, 868 S.W.2d 492 (1994), and *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991), are cited as authority for this contention.

■ Because we do not know what will happen in the future, we think the only question before us is whether the juvenile court erred in granting the State's motion to nol-pros. In a recent case, *Cook* v. *City of Pine Bluff*, 318 Ark. 190, 885 S.W.2d 7 (1994), our supreme court dismissed a criminal appeal from an order of nolle prosequi. The court held that under Arkansas Rule of Criminal Procedure 36.1 only a person *convicted* of a crime has the right to appeal. Thus, the court reasoned, no appeal could be taken from an order of nolle prosequi because this has discontinued — or dismissed — the charges and no judgment of conviction has been entered.

Appeal dismissed.

ROBBINS and ROGERS, JJ., agree.